In re Neal JORDAN, a/k/a Neal A. Jordan, Debtor.

Sharon A. JORDAN, Plaintiff,

v.

Neal JORDAN, a/k/a Neal A. Jordan, Defendant.

Bankruptcy No. 184–41228–260.
Adv. Pro. No. 184–0190.

United States Bankruptcy Court,
E.D. New York.

April 1, 1985.

Edith Blumberg, New York City, for plaintiff.

Hyman J. Schwartz, New York City, for defendant.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding commenced by Sharon A. Jordan to determine whether debts allegedly owed to her by her estranged husband, Neal Jordan, the debtor herein, are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).[1]

---

1. Section 523(a)(5) in effect at the time stated: (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt

.    .    .    .    .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, *in connection with a separation agreement, divorce decree, or property settlement agreement*, but not to the extent that

(A) such debt is assigned to another entity voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(2b) of the Social Security Act); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.... (Emphasis added.)

854

## FACTS

On July 31, 1984, Neal Jordan filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Prior to this filing, in February, 1983, the debtor and his wife, Sharon A. Jordan, obtained a loan from Manufacturers Hanover Trust Co. ("MHT") for $3,063.90, plus interest. Sharon A. Jordan states that the loan was used by the debtor to purchase an automobile for his exclusive use and possession. The loan agreement was signed by both parties as co-signors although annulment proceedings, initiated by the debtor in Supreme Court, State of New York, February 20, 1982 were pending. Sharon A. Jordan has interposed a claim for spousal support or maintenance in the matrimonial proceeding.

Prior to the filing of the petition in bankruptcy, MHT obtained a judgment against the debtor in Civil Court, State of New York, New York County, for $2,857.23 on July 24, 1984. It obtained a judgment against Sharon A. Jordan for $2,654.79 on December 12, 1984. The latter has pending a cross-claim against the debtor for indemnification in that action.

In Schedule A–3 of his petition the debtor listed MHT as an unsecured creditor. Pursuant to an order of this court he amended his schedules to include the plaintiff, Sharon A. Jordan, as an unsecured creditor. He listed two debts owed to her. The first represented a $60 per week payment of child support via an income deduction ordered by the Supreme Court during the matrimonial proceedings. The second was an $8,000 claim based on the MHT loan. It was listed as a disputed claim.

On November 5, 1985 Sharon A. Jordan commenced this adversary proceeding. She contends that "[t]he debtor's ... liability to [her] for indemnification is likely to be a factor in the judicial determination as to the amount of spousal support the debtor will be required to pay. Any discharge by the United States Bankruptcy Court of [her] claim for indemnification will or may adversely affect the dollar amount of spousal support awarded to [her]." (Complaint, November 1, 1984 at 3).

Therefore, she requests "that the court determine that the above specified debts owed by the debtor to her are nondischargeable, that the court determine the remaining issues and render judgment for her with regard to the indemnification indebtedness ..." *Id.*

The debtor's position is that his liability to Sharon A. Jordan arising out of the MHT loan is dischargeable since she was listed as a creditor in his petition. He argues that his potential indemnification liability does not fit within the scope of nondischargeable debts encompassed by 11 U.S.C. § 523(a)(5), inasmuch as that section only pertains to debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support in connection with a separation agreement, divorce decree, or property settlement agreement; since the parties never entered into any of these agreements and there is no divorce decree, § 523(a)(5) is inapplicable. Accordingly, he requests the court dismiss the plaintiff's claim regarding the indemnification suit pursuant to Bankruptcy Rule 7012 and declare that the debtor's liability to plaintiff based on the car loan agreement is dischargeable. He, apparently, does not take issue with the dischargeability of the $60 child support obligation.

## ISSUE

Did the debts listed by the debtor for child support and the potential obligation for indemnification arise "in connection with a separation agreement, divorce decree or other property settlement" as required for a determination of nondischargeability pursuant to § 523(a)(5) and, if not, may the debts nevertheless be excepted from discharge?

## DISCUSSION AND CONCLUSIONS OF LAW

Section 523(a)(5) in effect at the time this issue arose, excepted from discharge debts for maintenance for, or support of a

spouse, former spouse or child of the debtor.[2] The provision applied only in connection with a separation, agreement, divorce decree, or property settlement. *See, e.g. In re Lewis*, 39 B.R. 842, 12 B.C.D. 279 (Bkrtcy.W.D.N.Y.1984). The section underscored Congress' intent to except from discharge only those debts that were truly in the nature of alimony or support.[3] As noted above, § 523(a)(5) did not specifically include within its scope support payments ordered by a court, but not in .connection with one of the enumerated agreements. However, this court, in *In re Mojica*, 30 B.R. 925 (Bkrtcy.E.D.N.Y.1983) held that a support obligation pursuant to an order of the Family Court, although not in connection with one of the listed agreements, was nevertheless excepted from discharge. In that case we stated:

> [Section 523(a)(5) ] is an attempt to draft a statute that ensures that legitimate debts for alimony or support owing directly to a spouse or dependent are not discharged lest it undercut an important social policy regarding such obligations. *See, Goggans v. Osborn*, 237 F.2d 186 (9th Cir.1956). On the other hand, if a debt is not truly for alimony or support it should be discharged in order to give the debtor the "fresh start" that is central to the theme of the current Bankruptcy Code. *See*, Bkr.L.Ed. *Summary* Section 4:3. It does not seem logical, however, that Congress could have intended to allow for the dischargeability of debts that

arise from a court order but outside of a divorce decree or separation agreement. *Id.* at 930.

It is to be noted that the present version of § 523(a)(5), effective October 8, 1984, was amended to include an "other order of a court of record" among the documents enumerated to envince a genuine alimony or support obligation.

■ We now turn to the debts in question here. Based on the above criteria, we find the debtor's $60 per week child support obligation nondischargeable under § 523(a)(5).

■ As to the debtor's potential liability for indemnification of Sharon A. Jordan, we note that this debt has not been assumed by the debtor. Rather, there is a pending state court action involving that claim. However, in light of the automatic stay under § 362, the continuance of that action has been stayed. The issue as to whether or not the debtor will be liable to the plaintiff/wife will depend upon the ultimate determination by the judge in the matrimonial proceedings. At present there is no separation agreement, divorce decree or property settlement agreement between the parties which provides for indemnification by the debtor. If it is found in the matrimonial proceedings that the debtor is liable to the plaintiff/wife by reason of indemnification, the question as to whether or not the debt arising thereunder is dischargeable will have to be determined by this court upon application for such relief depending upon whether or not the obligation is deemed to be in lieu of maintenance or by way of a property settlement.[4] Such

---

2. *See supra* note 1.

3. ' *See In re Mojica*, 30 B.R. 925 (Bkrtcy.E.D.N.Y. 1983), for a discussion of the purpose, policy and legislative history of § 523(a)(5).

4. We point out in passing that § 1334(b) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, (P.L. 98–353) effective July 10, 1984, is applicable to this case. That section provides that jurisdiction of the State Courts and the Bankruptcy Court is concurrent as to civil proceedings arising in or related to cases under Title 11, including complaints to determine the dischargeability of debts alleged to be in the nature of alimony, maintenance or support. It is well settled that with respect to a § 523(a)(5) exception to discharge, bankruptcy

law, not state law, determines whether the obligation in question is in the nature of alimony, maintenance or support. *See, e.g.* H.Rep. No. 95–595, 95th Cong. 2d Sess. 79, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320. However, the dischargeability determination can be made by a State Court applying bankruptcy law. Where the State Court has had a full hearing on the issue of dischargeability and met the requirements of res judicata or collateral estoppel, the Bankruptcy Court will be bound by the State Court findings. *See, Goss v. Goss*, 722 F.2d 599, 12 B.C.D. 75 (10th Cir.1983). However, where the State Court determination of nondischargeability is based on an incomplete record or made as a collateral matter to another proceeding rather than specifically in a

application can be made to this court even after the bankruptcy case is closed.

It is to be noted that the debtor's schedules include the plaintiff as a disputed creditor in the sum of $8,000. Nothing in the record before this court reflects the basis for that amount or the reason for that dispute. The court has not been called upon to make a determination as to that factor. The resolution of that problem will be subject to the determination in the matrimonial proceedings.

Regardless of the foregoing, the debtor's obligation to MHT is dischargeable.

SO ORDERED.

proceeding to determine dischargeability, the Bankruptcy Court is not bound by the prior finding. *See, In re Romeo,* 16 B.R. 531 (Bkrtcy. D.N.J.1981); *In re Williams,* 3 B.R. 401 (Bkrtcy. N.D.Ga.1980).