In re Jeffrey Wayne LINDBERG and Cathy Ann Lindberg, Debtors.

FREY, LACH & MICHAELS, P.C., Plaintiff,

v.

Jeffrey Wayne LINDBERG and Cathy Ann Lindberg, Defendants.

Bankruptcy No. 87–B–13774–C. Adv. No. 88–A–0117.

United States Bankruptcy Court, D. Colorado.

Nov. 3, 1988.

---

Susan M. Lach, Frey, Lach & Michaels, P.C., Fort Collins, Colo., for plaintiff.

Arlad W. Shunneson, Boulder, Colo., for debtors/defendants.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Plaintiff's Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(5). The Plaintiff filed a Motion for Determination of Complaint Based on Written Submissions since no material facts were in dispute and believed this matter could be decided on the basis of applicable law. No objection to this motion was filed so the hearing was vacated and, thereafter, both parties submitted briefs regarding their respective positions.

According to the pleadings and stipulated facts before this Court, Jeffrey Wayne Lindberg ("Debtor" or "Father") retained the law firm of Frey, Lach & Michaels, P.C. ("Counsel") to represent him, as a Plaintiff in a state court proceeding, against his ex-spouse. That state court litigation involved questions of child support and related custody matters ("support litigation"). The support litigation resulted in custody of the child being granted to the Debtor/Father and an award of child support

was made to the Father, to be paid by his former spouse. Counsel's representation of the Debtor in the support litigation resulted in unpaid attorneys' fees for which Debtor was responsible to pay, in the amount of $1,664.82. Absent from the pleadings is any evidence as to an award of attorney's fees to either party, so this Court will assume that each party, the Father and his former wife, was to be responsible and pay for his and her own attorney's fees.

In November, 1987, the Debtor/Father filed bankruptcy and listed on his Schedules the debt he owed to his own former Counsel. Counsel then filed this adversary action claiming that since their attorneys' fees were the result of a custody and child support dispute, and were related to a child support order, that under Section 523(a)(5) their fees are nondischargeable in bankruptcy. Put simply, Counsel claims that because the Debtor's attorneys' fees were incurred in a custody and child support dispute, they are in the "nature" of child support, and are thus not dischargeable.

It is well established in this District that attorney's fees and costs awarded to an ex-spouse resulting from or obtaining child support obligations, or to enforce those support obligations, are not dischargeable in bankruptcy. *In re Lathouwers*, 54 B.R. 205 (Bankr.D.Colo.1985); *In re Gedeon*, 31 B.R. 942 (Bankr.D.Colo.1983); *In re Mineer*, 11 B.R. 663 (Bankr.D.Colo.1981). For example, a husband may try to discharge a maintenance or child support obligation, and discharge his wife's related attorney's fees which he was ordered to pay by the state court judge. The award of attorney's fees in those cases, and in most all similar cases, is incidental to an underlying nondischargeable support obligation *due and owing by the debtor (husband) to a non-debtor (wife)*, or the wife's attorneys.

By contrast, however, there is a significant distinguishing fact in the present case from those cases. That fact is: the attorneys' fees obligation owed here is an obligation of the Debtor *to his own attorney*, not an obligation of the Debtor to his for-

mer wife or her attorneys. The Debtor is simply trying to discharge general unsecured attorneys' fees which he incurred in the support litigation and which he owes to Counsel.

Counsel, however, argue that by analogy with the cases cited above, and with the general rule of this District, they can bootstrap into Section 523(a)(5) and have their fees survive the bankruptcy, because of the "nature" of their services. Section 523(a)(5) provides that a debtor may not discharge any debt "*to* a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record...." (Emphasis added.)

In this case the Debtor is not attempting to discharge a debt or any other obligation he owes "*... to a spouse ...*" or any award of attorneys' fees resulting from a child support obligation he owes to a spouse or child. Rather, the Debtor here is *discharging his own attorneys' fees* which were incurred in the course of a child support and custody dispute. For Section 523(a)(5) to be applicable here, either (1) the paying ex-spouse (wife) would have to have been the party that filed for bankruptcy seeking to discharge the attorneys' fees of her former husband she had been ordered to pay, or (2) the Debtor (Father) would have to be trying to discharge attorney's fees of his former wife that he had been previously ordered to pay in state court.

Counsel is asking this Court to look behind the attorneys' fees to their nature and determine them nondischargeable since they were incurred in a child support and custody dispute. To accept Counsel's argument would mean that *any* attorney's fees resulting from a case involving child support, maintenance, or alimony would be nondischargeable. Using that strained reasoning, any and all attorney's fees incurred in certain types of litigation would be nondischargeable. That would, for example, apply (1) in cases where there is fraud or defalcation while acting in a fiduciary capacity, or (2) in a personal injury case where willful and malicious injury occurred, or (3) in cases where damages result in an accident involving a legally intoxicated person, pursuant to Sections 523(a)(4), (a)(6) and (a)(9), respectively. This is absurd. Nowhere in Section 523 are attorney's fees per se not dischargeable nor does the Code direct that the Court look to the nature of the debtor's own attorney's fees to determine their nondischargeability.

The law is clear. It is the Court ordered *debtor's obligation* to pay child support or maintenance to a spouse or child which is nondischargeable, under Section 523(a)(5), as well as the attorney's fees which are necessarily incurred in obtaining or enforcing such an obligation. In the present case, there is no spouse claiming that a support obligation and attorney's fees are nondischargeable. It is the Debtor's attorneys, only, who seek exception to discharge of debt—pursuant to their novel and ill conceived theory.

WHEREFORE, IT IS ORDERED AND ADJUDGED, that consistent with this Court's opinion as stated above, the Debtor's debt owing to his own Counsel of $1,664.82 is deemed a dischargeable debt under the Bankruptcy Code and is hereby discharged.