In the Matter of Linda M. RIOS, Debtor.

Appeal of Diana D. DUBROFF.

No. 89–1853.

United States Court of Appeals, Seventh Circuit.

Submitted April 5, 1990.*

Decided April 23, 1990.

Ian L. Heller, New York City, for appellant.

Diana D. DuBroff, New York City, pro se.

Paul M. Gelfman, Stuart G. Gelfman, Gelfman & Goldberg, Glenview, Ill., for Linda M. Rios, debtor-appellee.

Before FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

■ Diana D. DuBroff is an attorney licensed to practice in the state of New York. In February 1983, DuBroff was approached by Linda M. Rios for help in seeking "palimony" from her former lover, Richard McQuail. Rios signed a retainer agreement promising to pay $1500 against fees of $150 per hour plus expenses. Before any papers were filed in that suit, Rios informed DuBroff that she was pregnant by McQuail. The focus of the representation changed; the first priority was to get child support. DuBroff sought and obtained on Rios' behalf an order of filiation from the New York Family Court naming McQuail the father of Rios' infant son. DuBroff then filed a petition for an order of support. This petition was dismissed without prejudice on September 9, 1985, when, after a history of delay, Rios failed to appear for the final hearing on the merits. At this time, Rios owed DuBroff approximately $3,700 in unpaid attorneys' fees. She never paid this bill. Instead, Rios hired another New York attorney to reopen the support petition. DuBroff charges that because of the dismissal and change of attorney, DuBroff was not able to petition the New York court for an order that McQuail pay her fees. Instead, DuBroff filed suit in the New York courts against Rios and her new attorney to recover her fees, plus punitive damages. Before these cases could be decided, Rios filed a bankruptcy petition in the Northern District of Illinois on December 22, 1987, staying them. DuBroff filed a complaint to except her debt from discharge under 11 U.S.C. § 523(a)(5). The bankruptcy court denied the complaint, and the district court affirmed that decision. Denial of a complaint to except a debt from discharge is an appealable final order, *In re Weber*, 892 F.2d 534 (7th Cir.1989), so the district court had jurisdiction under 28 U.S.C. § 158(a),

* The appellee has filed no brief in this case. Pursuant to Circuit Rule 31(d), the case is submitted for decision without her brief and without oral argument.

and this court has jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.

Section 523(a)(5) provides: "A discharge ... does not discharge an individual debtor from any debt to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record...." DuBroff argues that the debt owed her by Rios is in the nature of child support and therefore nondischargeable. Her position is that Rios hired her to help her fulfill her duty to support her child, and that the legal fees were therefore a part of that support obligation.

■ Section 523(a)(5) has not been read literally by the courts. Obligations arising from paternity determinations in favor of children born out of wedlock have been held nondischargeable, even though not in connection with a separation agreement or a divorce decree. *In re Balthazor*, 36 B.R. 656 (Bkrtcy E.D.Wis.1984); *In re Barbre*, 91 B.R. 846 (Bkrtcy S.D.Ill.1988). And awards of attorneys' fees for services in obtaining support orders have been held nondischargeable even though the attorney is neither a spouse, a former spouse, nor a child of the debtor. *In re Spong*, 661 F.2d 6 (2d Cir.1981); *Barbre, supra.* In every reported case concerning the nondischargeability of attorneys' fees save one, the fees were to be paid by the party from whom support was being sought. An order of a court of record mandating the payment of those fees as part of the alimony or child support judgment is required. 11 U.S.C. § 523(a)(5) ("in connection with a separation agreement," etc.); *In re Cornish*, 529 F.2d 1363 (7th Cir.1976). *See also In re Jordan*, 47 B.R. 853 (Bkrtcy E.D.N.Y.1985) (support obligation established by order of support *pendente lite* was nondischargeable even though not contained in separation, divorce or settlement decree). DuBroff seeks to break this pattern: she rep-

resented the debtor, who was the party seeking support, and she has no court order. We have found only one case in which a similar claim was made. The court in *In re Lindberg*, 92 B.R. 481 (Bkrtcy.D.Colo. 1988), held that a debtor's liability for his or her own attorneys' fees incurred in a child support dispute is not a debt owed "to a spouse" for purposes of § 523(a)(5).

We agree with the *Lindberg* court's reasoning. The cases which deny discharge for attorneys' fees incurred to obtain child support assimilate the debt owed the attorney to a debt owed "to a spouse, former spouse, or child of the debtor." *See, e.g., In re Spong*, 661 F.2d at 8–9. The theory is that the spouse's or child's expenses of collection are part of the underlying obligation. That theory cannot stretch to cover fees for an attorney hired by the debtor, unless there is some legal obligation to hire an attorney on behalf of the spouse or child. DuBroff has admitted that Rios had no legal obligation to pursue a support order at all. Appellant's Brief at 40. Rios was merely seeking financial relief in meeting her own support burden. Rios' contract with DuBroff did not generate a debt to Rios' child. It follows that Rios' obligation to DuBroff was not in the nature of child support.

Further, DuBroff cannot point to any court order as § 523(a)(5) requires.[1] Indeed, DuBroff has conceded that Rios was not required by New York law to pursue child support. In the absence of a specific court order, expenses incurred to obtain support from an absent parent are not legally distinguishable from other expenses which redound to the benefit of a child. Because Rios could have refrained from suing McQuail, it is plain that in seeking support she was only trying to lighten her own burden. As a legal matter, an ordinary lawyer's bill is no better than a grocer's bill. Indeed, a grocer's argument would be stronger than an attorney's be-

1. DuBroff argues in this court that Rios' actions in the state court were intended fraudulently to prevent DuBroff from obtaining an order for fees. She points to New York law which would have allowed a court to order McQuail to pay

the fees. But she did not argue below that the attorneys' fees should be excepted from discharge due to fraud, and she cannot raise the claim for the first time on appeal.

cause a parent must necessarily incur grocery expenses to meet his or her obligation to support the child, whereas there is no necessity of suing an absent parent for support. But the grocer's bill is clearly dischargeable in bankruptcy.

Because DuBroff cannot meet the statutory requirements to have her debt excepted from discharge, the judgment of the district court is

AFFIRMED.