In the Matter of Gilbert
MOORE, Debtor.

Paul S. LISTON, Plaintiff,

v.

Gilbert MOORE, Defendant.

Bankruptcy No. A90–02404–WHD.
Adv. No. 90–0144A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 14, 1990.

Linda Roeding Wells, Atlanta, Ga., for plaintiff.

Hoke Smith, III, Clark & Smith, P.C., Atlanta, Ga., for debtor/defendant.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of Paul S. Liston ("Plaintiff") for summary judgment filed on September 11, 1990, to which Gilbert Moore ("Debtor") responded on October 3. The motion is based on Plaintiff's March 12 "Complaint to Determine Dischargeability of Debt" in which he alleges that a divorce judgment in Fulton County Superior Court granting him attorney's fees for his representation of Debtor's wife created a nondischargeable debt in the nature of alimony. Attached to

Plaintiff's motion was a copy of the judgment which granted him the fees but which also denied a divorce to both parties. Because the divorce was not granted, Debtor alleges in both his April 12 Answer and Counterclaim to the Complaint and in his response to the motion that the debt could not have been alimony and that it is therefore dischargeable. Debtor also contends in his Counterclaim that the Complaint was a bad faith filing and that he is entitled to reasonable attorney's fees pursuant to Bankruptcy Rule 9011.

■ According to Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56, a motion for summary judgment shall be granted when there is no material issue of fact to be tried and the movant is entitled to judgment as a matter of law, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *on remand*, 826 F.2d 33 (D.C. Cir.1987), *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). In this case the parties do not dispute the existence and contents of the Superior Court judgment which is at the center of the Complaint. Instead, the Court is faced with a purely legal question, i.e. whether attorney's fees awarded in a state court decree denying a divorce to the parties constitutes nondischargeable alimony under § 523(a)(5) of the Bankruptcy Code, and summary judgment for one of the parties is therefore appropriate.

■ Section 523(a)(5) prohibits a debtor's discharge from any debt

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

11 U.S.C. § 523(a)(5) (1990). According to this provision, an obligation incurred by Debtor in connection with a divorce decree is dischargeable unless such liability is actually in the nature of alimony, maintenance or support. The obligation may include attorney's fees; if fees are awarded in connection with alimony or support awards, they are also considered to be in the nature of alimony or support because courts look at the same factors in making the awards, *In re Patrick*, 106 B.R. 743, 744 (Bankr.S.D.Fla.1989), e.g. necessity for support and disparity in income. Conversely, where a court does not award alimony or support to the spouse, the debt for attorney's fees is dischargeable, *Id.; In re Trichon*, 11 B.R. 658, 661 (Bankr.S.D.N.Y. 1981). In this case, where not only alimony but the entire divorce was denied, it is clear that the attorney's fee award has nothing to do with alimony or support of Debtor's wife. Accordingly, there is no reason to deny Debtor his "fresh start" and to treat Plaintiff differently than any other creditor.

The Court therefore concludes that the debt is DISCHARGEABLE, and Plaintiff's motion for summary judgment is DENIED. In addition, because the purpose of Rule 56 is "to permit expeditious disposition of cases in which there is not a substantial issue of fact," *Wilder v. Prokop*, 846 F.2d 613, 626 (10th Cir.1988), and because the Court can grant summary judgment on its own motion where a nonmoving party is entitled to judgment as a matter of law, *Id.; Portsmouth Square, Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir.1985), the Court shall GRANT summary judgment in favor of Debtor. Debtor's request for attorney's fees shall be DENIED.

IT IS SO ORDERED.