In re William J. FONNEMANN, Denise E. Fonnemann, Debtors.

Patrick M. KINNALLY, Plaintiff,

v.

William J. FONNEMANN and Denise E. Fonnemann, Defendants.

Bankruptcy No. 91 B 2968.
Adv. No. 91 A 00271.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 4, 1991.

Patrick M. Kinnally, Murphy, Hupp, Foote, Mielke & Kinnally, Aurora, Ill., for plaintiff.

Gerard Kepple, St. Charles, Ill., for debtors/defendants.

Roy Safanda, St. Charles, Ill., Trustee.

## MEMORANDUM, OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes before the court on the motion of William J. and Denise E. Fonnemann (Debtors) pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss the complaint filed by Patrick Kinnally to except his debt from discharge. For the reasons stated below the Fonnemann's motion is granted.

## FACTS

Patrick Kinnally was retained by Denise Fonnemann in July 1990 to represent her in divorce proceedings. *William J. Fonnemann v. Denise E. Fonnemann*, 90 D 123, Kendall County, 16th Judicial Circuit, Yorkville, Ill. Kinnally sought and obtained on Denise Fonnemann's behalf a temporary order of protection preventing William Fonnemann from physically destroying marital property, a temporary and permanent order giving Denise Fonnemann custody of the children and support, and an order requiring counselling for the parties. In a letter opinion dated January 9, 1991, Circuit Judge James M. Wilson found that Kinnally was entitled to a judgment for fees and costs in the amount of $3500 against William Fonnemann and indicated that the balance of Kinnally's fee petition, $1543.80, was reasonable. Apparently the $1543.80 balance was to be paid by Denise Fonnemann.

William and Denise Fonnemann reconciled before the divorce became final. They filed a joint petition for bankruptcy pursuant to Chapter 7 on February 11, 1991. On February 13, 1991, Judge Wilson dismissed the divorce case without prejudice and ordered the "proofs vacated." Kinnally's proposed Judgment of Dissolution which was noticed for that date was never entered. Kinnally filed a complaint seeking to have the fees owed to him by both William and Denise Fonnemann excepted from discharge pursuant to §§ 523(a)(5) and (a)(6) of the Bankruptcy Code. The Fonnemann's then filed the instant motion to strike Kinnally's complaint for failure to state a claim upon which relief can be granted.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 as a proceeding arising under §§ 523(a)(5) and (a)(6) of the Bankruptcy Code. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and is before the Court pursuant to Local Rule 2.33 of the United States District Court for the Northern District of Illinois referring bankruptcy cases and proceedings to this Court for hearing and determination.

## DISCUSSION

*Failure To State A Claim Upon Which Relief Can Be Granted*

██ In order for the Fonneman's to prevail on their motion to dismiss for failure to state a claim it must clearly appear from the pleadings that Kinnally could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Swanson v. Wabash, Inc.*, 577 F.Supp. 1308 (N.D.Ill.1983). The issue is not whether Kinnally will ultimately prevail, but whether he has pled a theory of a cause of action sufficient to entitle him to offer evidence to support his claim, i.e. whether there is some theory upon which Kinnally's claim could be excepted from discharge assuming arguendo that he could prove the necessary facts. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). For purposes of resolving a motion to dismiss for failure to state a claim the Court must assume

that all of the facts in the complaint are true, with all inferences drawn in favor of Kinnally. *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 606–07 (7th Cir. 1987), *Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261 (7th Cir.1984), *cert. denied*, 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985); Fed.R.Civ.P. 12(b)(6); Bankruptcy Rule 7012.

### A. § 523(a)(5)

■ Kinnally asserts that his claim for legal fees should be excepted from discharge pursuant to § 523(a)(5) which provides:

> "A discharge ... does not discharge an individual debtor from any debt to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record...."

11 U.S.C. § 523(a)(5). It is well established in this district and elsewhere that attorney's fees incurred by the spouse or child in connection with an award of maintenance or support are also nondischargeable pursuant to § 523(a)(5). *See e.g., In re Haas*, No. 88 B 14333, 88 A 810 (Bankr.N. D.Ill.1989) (J. Coar); *In re Aslaksen*, No. 85 B 10987, 87 A 632 (Bankr.N.D.Ill.1988) (J. Ginsberg); *In re Rios*, 901 F.2d 71, 72 (7th Cir.1990); *In re Silensky*, 897 F.2d 743, 744 (4th Cir.1990); *In re Spong*, 661 F.2d 6, 9 (2d Cir.1981). For purposes of the instant motion, it is assumed that the $3500 that William Fonnemann owes Kinnally serves a support function and is nondischargeable if the other conditions of § 523(a)(5) are satisfied. The question before the court is whether Kinnally has a claim against William Fonnemann from a "separation agreement, divorce decree or other order of a court of record,...." 11 U.S.C. § 523(a)(5). It is clear from the facts as pled in his complaint that he does not.

Kinnally argues that the letter opinion from Circuit Judge James M. Wilson outlining the terms of the divorce and ordering William Fonnemann to pay $3500 of Kinnally's fees is sufficient to constitute a court order within the meaning of § 523(a)(5) even though no divorce was ever granted. Kinnally appears to be arguing that his fees should survive bankruptcy because of the "nature" of the services rendered. The Court cannot accept that argument.

The language of § 523(a)(5) sets out three requirements that must be met in order for the debt to be nondischargeable pursuant to this section: (1) the debt must be in the nature of alimony, maintenance or support; (2) the debt must be owed to a former spouse or child; and (3) the debt must be in connection with a separation agreement, divorce, or property settlement agreement. *Haas*, 88 A 810 (citing *In re Britton*, 51 B.R. 323 (N.D.Ind.1985)). The statute makes clear that it is the debtor's obligation to pay alimony or child support to the spouse or child as agreed or ordered by the court that is the nondischargeable debt. *See In re Lindberg*, 92 B.R. 481, 483 (Bankr.Colo.1988). Attorneys' fees become nondischargeable because they are deemed to be part of the alimony or child support award. *See Rios*, 901 F.2d at 72; *Haas*, No. 88 A 810; *Aslaksen*, No. 87 A 632; *In re Moore*, 121 B.R. 126, 127 (Bankr.N.D. Ga.1990).

In the instant case, there was no agreement by William Fonnemann to pay Kinnally's attorneys' fees. While Mr. Fonnemann may have conceded that the fees were reasonable, there is no evidence he agreed in a separation agreement to pay those fees. Obviously no divorce decree was ever entered. Instead, the Fonnemanns reconciled, and the divorce case was dismissed and the proofs vacated. As a result Mr. Fonnemann has no alimony or support obligations to Mrs. Fonnemann resulting from the letter opinion by Judge Wilson. Thus, Kinnally's attorneys' fees cannot be deemed to be part of any alimony or support order.

■ Nor is Judge Wilson's opinion an order for purposes of § 523(a)(5). The circuit court rules for the 16th Judicial Circuit and the Illinois Supreme Court Rules, like Fed.R.Civ.P. 58, contemplate that a sepa-

rate judgment order be entered pursuant to an opinion.[1] The next to last paragraph of Judge Wilson's opinion[2] and Kinnally's preparation of a draft judgment order confirm that such procedure was to be followed here as well. The simple fact is that when the divorce was dismissed, Kinnally was left with no order he could enforce against William Fonnemann for fees in or out of bankruptcy. Accordingly his § 523(a)(5) claim against Mr. Fonnemann must fail.

This reasoning has been applied by other courts. Thus, when the wife's attorney brought a complaint to determine the dischargeability of a debt pursuant to § 523(a)(5) and the attorney had a state court judgment which granted him fees but which also denied a divorce to the parties, the court held that the fees constituted a dischargeable debt. *In re Moore*, 121 B.R. at 126. The court reasoned that the attorney's fee award had nothing to do with alimony or support of the debtor's wife since not only alimony but the entire divorce was denied. Therefore, there was no reason to treat the wife's lawyer any differently from other creditors. *Id.* at 127.

Courts in analogous situations have rejected the argument that attorneys' fees are nondischargeable pursuant to § 523(a)(5) simply because they were incurred in a child support or custody dispute. In *In re Rios*, 901 F.2d at 71, an attorney sought a determination that fees incurred in an attempt to obtain child support were nondischargeable where the child support petition was dismissed without an order of support being entered. The Seventh Circuit held that the attorney's fee claim for her efforts to obtain orders of filiation and support was dischargeable in bankruptcy. "In the absence of a specific court order, expenses incurred to obtain support from an absent parent are not legally distinguishable from other expenses which redound to the benefit of a child. .... As a legal matter, an ordinary lawyer's bill is no better than a grocer's bill." *Id.* at 72. Kinnally's claim also lacks the support of a specific court order and, accordingly, must suffer the same fate.

In *Lindberg*, 92 B.R. at 483, the court rejected the argument that the obligation of the debtor *to his own attorneys*, rather than to his former wife or her attorneys, was nondischargeable pursuant to § 523(a)(5). The court reasoned that if it looked behind the attorneys' fees to their nature and determined them to be nondischargeable because they were incurred in a child support or custody dispute, this would mean that all attorneys' fees in cases involving certain types of litigation would be nondischargeable. *Id.* The *Lindberg* court concluded, and this Court agrees, that such a result does not accord with § 523(a)(5).

■ Section 523(a)(5) is limited to instances where the debtor has an obligation from a separation agreement, divorce decree, or court order to pay alimony or child support. Since Mr. Fonnemann has no such obligation, Kinnally can prove no facts in support of his claim that would entitle him to relief pursuant to § 523(a)(5).

1. Rule 15.07(b)(1) provides:
(b) It shall be the responsibility of the person seeking to affect the marital status, or his or her attorney, to present to the trial judge, in a single package the following:
(1) Judgment Order....
Rules of Practice of the Circuit Court 16th Judicial Circuit (1990–1991).
Practice Rule 272 provides:
If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed.

Illinois Supreme Court Rules, Practice Rule 272 (1991).

2. "I believe this covers all the relevant issues. However, if there are matters which remain unclear or which I have overlooked, please bring them to my attention at your earliest convenience for appropriate review. As I have previously indicated, I have scheduled February 13, 1991, at 9:30 A.M. to conclude these proceedings. If that date conflicts with either of your schedules, please advise so that we can reschedule the matter for a mutually convenient date."

Letter from Judge James M. Wilson RE: Marriage of Fonnemann, Case No. 90–D–123, January 9, 1991.

The Fonnemann's motion to dismiss Kinnally's claim brought pursuant to § 523(a)(5) is granted.[3]

## B. § 523(a)(6)

Kinnally also argues that his claim for legal fees should be excepted from discharge pursuant to § 523(a)(6), which requires a showing that the debtor willfully and maliciously caused injury to another entity or the property of another entity. 11 U.S.C. § 523(a)(6). The basis for this claim seems to be Mr. Kinnally's successful representation of Mrs. Fonnemann prior to her reconciliation with Mr. Fonnemann that resulted in Judge Wilson's protective order and findings that Mr. Fonnemann was depleting marital assets to the detriment of his wife and children and that he caused her car to be repossessed in an effort to punish or intimidate her. If Mr. Kinnally is successful in proving these facts, he will have shown that the person and property of Mrs. Fonnemann, not himself, was willfully and maliciously injured by Mr. Fonnemann.

Section § 523(c) provides in relevant part:

> The debtor shall be discharged from a debt ..., unless, *on request of the creditor to whom such debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge....

11 U.S.C. § 523(c) (emphasis added). Only one who is a creditor of the debtor has standing to pursue a claim of nondischargeability under § 523(a)(6). *See, e.g. Vaccariello v. Lagrotteria,* 43 B.R. 1007, 1011 (N.D.Ill.1984) (Holding that the trustee lacked standing to obtain an order on behalf of creditors to extend the deadline for filing complaints to determine dischargeability pursuant to § 523); *In re Linn,* 88 B.R. 365, 366 (Bankr.W.D.Okla.1988) ("The meaning of § 523(c) and Rule 4007(a) is specific and inescapable: Only the creditor holding the specific claim may file a complaint to except the debt from discharge."); *In re Black,* 95 B.R. 819 (Bankr.M.D.Fla. 1989) (The FTC was a "creditor" in its own right and thus had standing to bring a complaint to except its debt from discharge.).

Assuming, as this Court must in the context of a motion to strike, that Mr. Kinnally can prove that Mr. Fonnemann acted willfully and maliciously in squandering marital funds, he acted willfully and maliciously toward Mrs. Fonnemann and Mrs. Fonnemann alone. She is the creditor, not Mr. Kinnally. The simple fact is that Kinnally alleges only that his fees were incurred because Mr. Fonnemann was acting willfully and maliciously toward Mrs. Fonnemann. He nowhere alleges that Mr. Fonnemann acted willfully and maliciously toward him. Therefore, Mr. Kinnally has failed to allege facts on which relief could be granted, and his § 523(a)(6) claim must also fail.[4]

## CONCLUSION

For the foregoing reasons, the Fonnemann's motion to dismiss Mr. Kinnally's complaint is granted.

---

**3.** This Court need not consider what result might have obtained had Kinnally gotten an order under Ill.Rev.Stat. ch. 40, para. 508, since no such order was entered by the state court. Paragraph 508 provides:
(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees, necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by the other spouse,....
Ill.Rev.Stat. ch. 40, ¶ 508 (1991).

**4.** It appears from the pleadings that Mr. Kinnally is seeking fees in full, i.e., the $3500 owed by William Kinnally and the $1543.80 owed by Denise Fonnemann, based solely upon William Fonnemann's conduct. Since there is no evidence of willful and malicious conduct toward Kinnally by William Fonnemann, inclusion of the $1543.80 in this claim is irrelevant. Moreover, on the facts alleged by Kinnally, the $1543.80 in attorneys' fees is the obligation of Denise Fonnemann, not William Fonnemann. Kinnally has alleged no facts which would enable him to have her debt to him declared nondischargeable.