**In re Trudi M. SMOLENSKI, Debtor.**

**John WAWAK, Plaintiff,**

**v.**

**Trudi M. SMOLENSKI, Defendant.**

**Bankruptcy No. 96 B 27224.**

**Adversary No. 97 A 00122.**

*United States Bankruptcy Court,*
*N.D. Illinois,*
*Eastern Division.*

July 28, 1997.

Scott C. Colky, David J. Spannraft, Berks, Colky & Simon, Ltd., Des Plaines, IL, for Plaintiff.

Martin H. Gaspar, Oak Park, IL, for Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the complaint of John Wawak ("John") against the Debtor, Trudi M. Smolenski ("Trudi"). For the reasons set forth herein, the Court grants judgment on Count II of the complaint in favor of Trudi and finds the debt dischargeable under 11 U.S.C. §§ 523(a)(5) and 523(a)(6).

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. FACTS AND BACKGROUND

Many of the facts are uncontested. Trudi and John were married but subsequently their marriage was dissolved. The parties have been engaged in protracted Illinois state court litigation regarding child support payments and education expenses of their minor child. On May 4, 1989, an order was entered by the state court requiring Trudi to pay the sum of $600.00 per month to John for permanent child support for the child. *See* John's Exhibit No. 26. On February 20, 1996, the state court found Trudi to be in arrears in the sum of $22,045.00 as of December 12, 1995. *See* John's Exhibit No. 5. In the proceedings for the collection and enforcement of child support, Trudi has been found in contempt of court on several occasions. *See* John's Exhibit Nos. 3, 18, 23 and 25.

On December 6, 1994, the state court entered an order granting Scott C. Colky and the law firm of Berks, Colky & Sinton, Ltd., who represented John in the collection of the child support, leave to file a petition for attorneys' fees on or before December 30, 1994. *See* John's Exhibit No. 3. A fee petition was filed on December 30, 1994 by which John's attorneys sought an order requiring Trudi to pay the fees incurred. *See* John's Exhibit No. 1. A subsequently updated fee petition was thereafter filed on March 1, 1996 by the law firm. *See* John's Exhibit No. 2. It is undisputed that no hearing has been held on those fees; thus, no order has been entered by the state court awarding those fees or requiring Trudi to pay them.

Trudi filed a Chapter 7 bankruptcy petition on October 15, 1996 and received her discharge on February 15, 1997 subject to the pendency of this matter. On January 23, 1997, John filed the instant adversary proceeding. In the complaint he alleges that the unpaid child support and the subject attorneys' fees are owed by Trudi and are nondischargeable. Pursuant to Count I of the complaint, John sought a determination of the nondischargeability of the unpaid child support arrearage in the sum of $22,045.00 for monthly cash child support and state court ordered educational expenses. Based on Trudi's admissions in her answer to the complaint, the Court entered an uncontested and stipulated order on April 3, 1997, on Count I finding the arrearage as determined by the state court in the sum of $22,045.00 and all current and unpaid child support payments nondischargeable under § 523(a)(5).

The instant dispute focuses on Count II of the complaint in which John seeks a finding that his attorneys' fees incurred in connec-

tion with the enforcement of the child support payments are nondischargeable under §§ 523(a)(5) and 523(a)(6). It is undisputed that the state court did not enter an order awarding the subject attorneys' fees and it is on this point that Trudi's defense hinges. The parties have rested their cases and submitted same on their papers after waiving the opportunity for an evidentiary hearing.

## III. *APPLICABLE STANDARDS AND DISCUSSION*

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *Selfreliance Fed. Credit Union v. Harasymiw (In re Harasymiw),* 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson),* 187 B.R. 939, 961 (Bankr.N.D.Ill.1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). *See also In re McFarland,* 84 F.3d 943, 946 (7th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir. 1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *Goldberg Secs., Inc. v. Scarlata (In re Scarlata),* 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985)). *Accord Meyer v. Rigdon,* 36 F.3d 1375, 1385 (7th Cir.1994).

### A. *11 U.S.C. § 523(a)(5)*

Section 523 of the Bankruptcy Code enumerates specific exceptions to the dischargeability of debts. John contends principally that the subject attorneys' fees are non-dischargeable under § 523(a)(5), which provides in relevant part:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
>
> (5) to a spouse, former spouse … for alimony to, maintenance for, or support of such spouse … in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement. …

11 U.S.C. § 523(a)(5).

The general rule is that a debt owed to a former spouse or a debt to be paid to a third party in the nature of alimony, maintenance, or support pursuant to a divorce decree is nondischargeable in bankruptcy under § 523(a)(5). *See In re Coil,* 680 F.2d 1170, 1171 (7th Cir.1982); *Maitlen v. Maitlen (In re Maitlen),* 658 F.2d 466, 468 (7th Cir.1981); *Bradaric v. Bradaric (In re Bradaric),* 142 B.R. 267, 269 (Bankr.N.D.Ill.1992).

Section 523(a)(5) sets out three requirements that must be met in order for a debt to be nondischargeable: (1) the underlying debt must be in the nature of alimony, maintenance, or support, in contrast to a debt in the nature of a division of property; (2) the debt must be owed to a former spouse or child; and (3) the debt must be incurred in connection with a separation agreement, property settlement agreement, divorce decree, or other order of a court of record. *Kinnally v. Fonnemann (In re Fonnemann),* 128 B.R. 214, 217 (Bankr.N.D.Ill.1991) (citations omitted). It is undisputed that the first two elements are met in this matter. Trudi's defense centers on the third requirement. She contends that she did not agree to pay the subject fees incurred by John in connection with any agreement between them, and the fees were not taxed to her in or by any order of the state court. The disputed issue before the Court under Count II is whether John's attorneys' fees incurred in connection with the enforcement of the ordered child support payments are nondischargeable under § 523(a)(5) although the unpaid child support payments themselves were stipulated to be nondischargeable under Count I without dispute.

John argues that his attorneys' fees incurred collecting the unpaid child support are nondischargeable even though no order awarding those fees has been entered. John relies principally on *Dubroff v. Steingesser (In re Steingesser),* 602 F.2d 36 (2d Cir.1979) in support of this argument. This case is

inapposite and not applicable to the matter at bar. First, *Steingesser* was decided under Section 17a(7) of the Bankruptcy Act of 1898, former 11 U.S.C. § 35(a)(7), and involved attorneys' fees which had been reduced to a judgment (later vacated) against the bankrupt's spouse, unlike the situation at bar where no state court order taxing the fees has been entered. *Id.* at 37. Second, the court employed New York common law, not Illinois law which applies here. The court opined that, pursuant to New York law, a husband must provide for the necessaries of the wife. *Id.* at 37–38. The court found that payment of attorneys' fees were a part of those "necessaries." *Id.* Significantly, there was a default order entered for support which included payment of attorneys' fees, even though the order was subsequently vacated. Hence, the *Steingesser* case is not on point nor controlling and does not carry the day for John. Trudi, on the other hand, contends that John's failure to obtain a court order awarding the fees prior to her filing the bankruptcy petition is fatal to his cause of action for fees under § 523(a)(5).

Based on the evidence before the Court, the Court concludes that the attorneys' fees incurred by John are dischargeable under § 523(a)(5) because there was no order entered by the state court awarding the fees prior to the filing of the bankruptcy petition. Both the statutory language of § 523(a)(5) and the case law interpreting that statute mandate that the debt be found dischargeable.

Generally, attorneys' fees can be nondischargeable under § 523(a)(5) when they relate to services concerning alimony, maintenance and support if those fees are incurred and payable as a result of agreement or entry of a court order. *See Schiller v. Cornish (In re Cornish),* 529 F.2d 1363, 1365 (7th Cir.1976); *Pauley v. Spong (In re Spong),* 661 F.2d 6, 9 (2d Cir.1981); *Daulton v. Daulton (In re Daulton),* 139 B.R. 708, 710–11 (Bankr.C.D.Ill.1992); *Fonnemann,* 128 B.R. at 217; *Doss, Puchalski, Keenan & Bargiel, Ltd. v. Cockhill (In re Cockhill),* 72 B.R. 339, 343 (Bankr.N.D.Ill.1987). The Seventh Circuit has stated that "[a]n order of a court of record mandating the payment of

[attorneys'] fees as part of the alimony or child support judgment is required." *See In re Rios,* 901 F.2d 71, 72 (7th Cir.1990) (citing *Cornish,* 529 F.2d 1363); *see also Jones v. Jones (In re Jones),* 9 F.3d 878, 882 (10th Cir.1993) (the term "support" includes court-ordered attorneys' fees); *Wisely v. Beattie (In re Beattie),* 150 B.R. 699, 703 (Bankr. S.D.Ill.1993) (when attorneys' fees are awarded on a show cause petition to obtain compliance with a court's support order, they may be nondischargeable); *Fonnemann,* 128 B.R. at 218 (state court judge's letter opinion finding attorney entitled to judgment for fees and costs was not an "order" for purposes of § 523(a)(5)).

John has failed to establish all of the requisite elements under § 523(a)(5). The first two elements have been met—John, the former spouse of Trudi, incurred the attorneys' fees in connection with pursuing Trudi for child support payments. The final element, however, has not been shown. The fees were not incurred in connection with a separation, or other, agreement between John and Trudi, nor taxed against her in the dissolution decree or other order of a court of record. Unfortunately for John, Trudi filed her bankruptcy petition before the state court entered an order awarding him attorneys' fees in connection with the enforcement of the child support payments; she thereby won the proverbial race to the bankruptcy courthouse. Hence, the absence of a court order awarding the fees is fatal to John's cause of action under Count II.

John has furnished an order of the state court dated June 20, 1992, requiring Trudi to pay the sum of $2,200.00 as attorneys' fees. *See* John's Exhibit No. 25. Those attorneys' fees, however, were settled, compromised and apparently paid by Trudi, and the petition for those fees was dismissed pursuant to a settlement. *See* John's Exhibit No. 24. Accordingly, there is no order of court awarding the instant unpaid fees because the fees that are referenced in John's Exhibit No. 25 were paid and are not the subject of the dispute at bar.

**B.  *11 U.S.C. § 523(a)(6)***

Next, John argues that Trudi's actions fall within the purview of § 523(a)(6), and, thus,

the fees should be held nondischargeable. Section 523(a)(6) provides in relevant part:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

■ In order for a debt to be held nondischargeable under § 523(a)(6), John has the burden of proving that the injury resulted from an act that was both willful and malicious. *Dornik v. Maurice (In re Maurice)*, 138 B.R. 890, 896 (Bankr.N.D.Ill.1992), *aff'd*, No. 92 C 4043, 1992 WL 308535 (N.D.Ill. Oct.19, 1992), *aff'd*, 21 F.3d 767 (7th Cir.1994) (quoting *Kimzey*, 761 F.2d at 424); *United Bank of Southgate v. Nelson*, 35 B.R. 766, 768 (N.D.Ill.1983); *Taradash v. Pokorny (In re Pokorny)*, 143 B.R. 179, 182 (Bankr. N.D.Ill.1992); *Brill v. Dvorak (In re Dvorak)*, 118 B.R. 619, 627 (Bankr.N.D.Ill.1990); *Bristol Lumber Co. v. Hopkins (In re Hopkins)*, 82 B.R. 952, 953 (Bankr.N.D.Ill.1988). The term "willful" means deliberate or intentional, and "malicious" means wrongful and without just cause or excuse; it does not require ill will or specific intent to do harm. *Thirtyacre*, 36 F.3d at 700 (collected citations omitted); *McCarthy v. McCarthy (In re McCarthy)*, 179 B.R. 876, 880 (Bankr.N.D.Ill. 1995). Whether Trudi acted willfully and maliciously is ultimately a question of fact. *Id.*

The basis for John's alternate theory under § 523(a)(6) is the protracted child support litigation between Trudi and John which resulted in numerous findings of contempt against Trudi for her failure to comply with the state court orders. John maintains that Trudi's failure to comply with the child support orders constituted willful and malicious injury to John's property interests by forcing him to retain counsel and incur attorneys' fees to enforce those orders.

■ A debt for a creditor's attorneys' fees has no special status under the statutory language employed in § 523(a). *Mills v. Ellerbee (In re Ellerbee)*, 177 B.R. 731, 747 (Bankr.N.D.Ga.1995). Section 523(a) does not authorize the recovery of attorneys' fees by a creditor who successfully opposes the discharge of a debt. The only express statutory provision is § 523(c), which can provide in appropriate circumstances for the taxing of the debtor's attorneys' fees in certain situations not present here. "Under the American Rule, attorneys' fees would not be added to a debt as [a matter] of course." *Mayer v. Spanel Int'l Ltd. (In re Mayer)*, 51 F.3d 670, 677 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 563, 133 L.Ed.2d 488 (1995) (citation omitted). The Seventh Circuit has held in the § 523(a)(2) context, however, that "[a]ttorneys' fees provided by contract are part of the debt, and if the principal ... [is] non-dischargeable, so are the other elements of the debt." *Id.*

■ The instant matter, however, is unlike *Mayer* because § 523(a)(2)(A) is not the theory sued upon and no contract exists between Trudi and John nor any order of the state court which taxed these fees against Trudi. Hence, there was no contractual or court imposed duty on Trudi to pay John's attorneys' fees. The proper inquiry under Count II and § 523(a)(6) is whether Trudi willfully and maliciously failed to pay those fees, not whether she failed to pay the child support obligation itself as under Count I. Because Trudi was under no obligation via contract or court order to pay John's attorneys' fees, John has failed to establish all the requisite elements necessary to state a prima facie cause of action under § 523(a)(6). Thus, the debt is dischargeable.

Both Section 508 of the Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/508(a), and Illinois Supreme Court Rule 296(*l*)(3)(C)(v), cited by John, afford the state trial court the discretion to assess attorneys' fees and costs against an offending party who fails to make support payments, but both statutes use the directory predicate "may" rather that the mandatory predicate "shall." Section 508(b) mandates an order for costs and reasonable attorneys' fees to a prevailing party against a party who, without cause or justification, fails to comply with an order or judgment. Application of that section, however, requires that an order or judgment for attorneys' fees be entered. That is precisely

what is lacking in this matter for purposes of John's § 523(a)(6) claim against Trudi. Absent her agreement to pay the subject fees or a court order or judgment against her, the "malicious" element is lacking—namely that Trudi's failure to pay the fees is wrongful or without just cause or excuse. Unless the state court entered such an order awarding the fees, Trudi had no duty to pay them notwithstanding the claim and request therefor.

This result comports with *Sielschott v. Reimer (In re Reimer)*, 182 B.R. 816 (Bankr. E.D.Mo.1995) which involved an Illinois state court judgment order assessing attorneys' fees, as well as various § 523(a)(5) support arrearage and related expenses found to be nondischargeable under § 523(a)(6) under applicable Eighth Circuit precedents. In *Reimer*, in marked contrast to the facts here, the debtor had been taxed with the requested attorneys' fees in a court order which were ancillary to the judgment entered and not a separate discrete award. *Id.* at 819.

## IV. *CONCLUSION*

For the foregoing reasons, the Court grants judgment on Count II of the complaint in favor of Trudi and finds the debt dischargeable under 11 U.S.C. §§ 523(a)(5) and 523(a)(6).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.