Joseph S. Deutsch, J.
This is a motion by the respondent to dismiss three petitions filed by petitioner, who seeks an order of support for herself and the children of the parties.
The initial question presented to the court is whether petitioner’s New York judgment of separation survives the Mexican divorce decree procured by respondent.
It appears that the parties were married on July 14, 1945. They have four sons, one of whom is now over 21 years of age.
On November 26,1957, respondent secured a divorce in Mexico. The petitioner did not appear in that action. On May 4, 1959 petitioner obtained a New York judgment of separation which provided for alimony and child support. Thereafter, petitioner agreed to validate the Mexican decree obtained by respondent in 1957. In order to accomplish this, petitioner had an attorney appear in her behalf in the action. A new divorce decree was filed in the Mexican court on January 5,1961.
Neither decree provided for alimony or child support. Nevertheless, respondent made alimony and support payments pur *680 suant to the New York separation judgment for over 10 years. Respondent does not dispute the foregoing facts.
Against this background petitioner filed three petitions. By Docket No. F1721/71 upward modification of the support provisions of the separation judgment is sought. Docket No. F 2011/71 petitions for increased child support only. Docket No. F 2035/71 seeks to amend the Mexican divorce decree by incorporating therein the support provisions of the separation judgment and to modify upward such support terms.
Since the petitions involve common questions of fact and law, they are consolidated under Docket No. F 2035/71. Petitioner’s application to reinstate Docket No. F 1721/71 is granted.
While the parties do not question the validity of the Mexican divorce, it should be noted that, by petitioner’s voluntary appearance in the Mexican court, the parties were legally and effectively divorced as of January 5, 1961 and they are foreclosed from attacking the divorce decree in the rendering jurisdiction (Ramm v. Ramm, 34 A D 2d 667, affd. 28 N Y 2d 892).
The appellate court in the Ramm case pointed out that (p. 669): “ ‘Mexican law does not recognize a nunc pro tunc order ’ ” and that a “ ‘ judgment of divorce, even if originally defective, [becomes] res judicatahj judicial declaration ’ ” when expressly consented to, as was done in the instant case. Further, the court ■stated (p. 669): “ [w]e are here recognizing and applying Mexico’s law of res judicata — not divorce. ’ ’ Moreover, a Mexican court has “‘no power under Mexican law to reopen [a divorce] decree for any purpose whatsoever ’ ” (Schoenbrod v. Siegler, 20 N Y 2d 403, 407).
Lynn v. Lynn (302 N. Y. 193, cert. den. 342 U. S. 849) and Lappert v. Lappert (20 N Y 2d 364) established that a divorce decree rendered by a court having jurisdiction of both parties supersedes the provisions of a prior decree of separation. ‘ ‘ It follows, then, that the alimony provisions of a prior judgment of separation must yield to the overriding effect of the divorce decree ” {Lynn v. Lynn, supra, p. 204), and “ no right of support can survive except as awarded by the final decree of divorce or by an authorized amendment to such decree ” (Lynn v. Lynn, supra, p. 203).
Therefore, “ [u]nless a separation agreement, judgment of separation or subsequent divorce decree so provide, the terms of support in such agreement or judgment will not survive the divorce decree where both parties were before the granting court. This rule applies whether the decree is that of a sister State or of Mexico ]’ (Rawitz v. Rawitz, 31 A D 2d 832, 833; see, also, Lappert v. Lappert, supra).
*681 Section 466 (subd. [c]) of the Family Court Act provides in part: “ if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such action, the family court may (i) entertain an application to enforce the order or decree granting alimony, or
(ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required.”
This court fully concurs in the holding in Chrestman v. Chrestman (60 Misc 2d 780) wherein the court construed section 466 (subd. [c]) as follows (p. 782): “ I am of the opinion that the legislative intent in enacting the said subdivision (c) of section 466 was to afford relief to the wife or the husband, depending upon the nature of the change of circumstances, only in a case in which the wife’s right to alimony had been established and recognized by the court granting the decree. It may be presumed where no alimony was granted that the court found the wife was not entitled to it. Thus construed, the ‘ if ’ contained in the section is given effect and becomes meaningful.”
The court will now consider whether respondent is estopped from denying his support obligation under the separation judgment. It is noted that respondent does not deny petitioner’s statement (affidavit, p. 2) “It was the agreement, intent and understanding of the parties that support would be made pursuant to the Queens County Separation Judgment. This is made all the more obvious by the fact that Respondent has been making payments pursuant to the Queens Judgment for over 10 years.” The undenied fact, standing alone, that respondent continued to pay alimony and support subsequent to the divorce decree does not foreclose him from denying the continuance of his obligation under the separation judgment. Petitioner “ cannot possibly complain if [respondent] made payments to her, which he was not obligated to make, either gratuitously or under a mistake of law ” (Lynn v. Lynn, supra, p. 205).
Nevertheless, in the court’s opinion the issue of fact presented is whether petitioner ‘ ‘ was either misled by such conduct of [respondent] or that she relied upon it ” (Lynn v. Lynn, supra, p. 205; see, also, Lappert v. Lappert, supra) which cannot be determined upon the papers submitted but requires a trial. Accordingly, the motion as it applies to petitioner is denied.
In determining child support, the basic principle is that a father is under an obligation to supply the necessaries of food, shelter and maintenance for his child to such an extent as may be reasonable in view of his means and station in life (Stuart, v. *682 Stuart, 89 N. Y. S. 2d 639; Matter of Schnirman, 167 Misc. 809; Matter of Kern v. Kern, 65 Misc 2d 765).
Sections 413 and 461 of the Family Court Act provide statutory authorization for child support. Section 413 mandates a father to support his child and requires him to pay “ a fair and reasonable sum according to his means ’ This ‘ ‘ encompasses his ability to pay in relation to his wealth ” (Matter of Goldberg v. Berger, 31 A D 2d 637; see, also, Matter of Handel v. Handel, 26 N Y 2d 853; Matter of Swerdloff v. Weintraub, 26 A D 2d 826).
Section 461 (subd. [a]) of the Family Court Act reads as follows: “ (a) A separation agreement, a decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under sections four hundred thirteen and four hundred fourteen of this article. In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support.”
The duty of a father to support his child is a fundamental right belonging to a child. This right cannot be abrogated or derogated by any agreement or act of the parents. Furthermore, ‘ ‘ the courts are not bound by the support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires ” (Moat v. Moat, 27 A D 2d 895, 896; see Van Dyke v. Van Dyke, 278 App. Div. 446, affd. 305 N. Y. 671; People ex rel. Jones v. Johnson, 205 App. Div. 190; Langerman v. Langerman, 303 N. Y. 465; Matter of Goldberg v. Goldberg, 57 Misc 2d 224; Matter of Kern v. Kern, supra).
In Laumeier v. Laumeier (237 N. Y. 357), the court said (p. 364): “ The husband did not divorce his child, or dissolve his liabilities to it. And what are those rights? The child is entitled to the support and maintenance by its father.”
Accordingly, the motion to dismiss is denied in all respects.
This matter is set down for a hearing consistent with the above to be held on September 15, 1971. Notify parties and attorneys.