In re Jeri KLEIN, Debtor.

GULIELMETTI & GESMER,
P.C., Plaintiff,

v.

Jeri KLEIN, Defendant.

Bankruptcy No. 195–19444–260.
Adversary No. 195–1731–260.

United States Bankruptcy Court,
E.D. New York.

June 27, 1996.

Gulielmetti & Gesmer by Jennifer A. Covell, New York City, pro se.

Allan R. Bloomfield, Forest Hills, New York, for Debtor/Defendant.

### DECISION ON COMPLAINT TO DETERMINE DISCHARGE-ABILITY OF DEBT

CONRAD B. DUBERSTEIN, Chief Judge.

In this adversary proceeding, Plaintiff, the law firm of Gulielmetti & Gesmer, P.C. ("Plaintiff") are the former attorneys of Jeri Klein ("Debtor" or "Defendant"). Plaintiff seeks to have its unpaid attorney's fees owed by Debtor declared nondischargeable pursuant to Bankruptcy Code section 523(a)(5).[1] According to the complaint, Plaintiff was retained by the Debtor to represent her in a divorce and child custody action and which resulted in the Debtor owing attorney's fees to Plaintiff in the sum of $4,275.00 and that such obligation falls within the definition of nondischargeable "alimony, maintenance or support."

In her answer, the Debtor disputes the allegation that the debt is nondischargeable

---

1. Unless otherwise indicated, all section and rule references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rule 1001 *et seq.*

and interposes a counterclaim requesting judgment in her favor for sanctions pursuant to Rule 9011(a) as against the Plaintiff in the form of costs and attorney's fees incurred by her in the defense of this proceeding.

This matter having come on for hearing and, after concluding that no material facts were in dispute and that this matter could be decided on the basis of the applicable law, the parties submitted briefs regarding their respective positions. After due deliberation and consideration of the facts and issues raised herein, for the reasons hereinafter set forth, the Debtor's debt owing to Plaintiff is deemed a dischargeable debt. Debtor's application for the imposition of sanctions is denied.

### FACTS

Pursuant to a retainer agreement, Plaintiff represented the Debtor from August 28, 1992 to November 13, 1992 for the purpose of obtaining a divorce, sole custody of her infant child and child support. Plaintiff rendered services to the Debtor for approximately four months and was paid $3,725 by the Debtor when, at the Debtor's request, Plaintiff was replaced as her attorneys. According to Plaintiff, as a result of its representation of the Debtor, the parties in the matrimonial action reached an agreement which *inter alia,* granted the Debtor sole physical custody of the infant child *pendente lite.*

Plaintiff claimed that under the terms of its retainer agreement, Debtor owed a balance of $13,069.85 and thereafter moved the New York State Supreme Court for an order determining its charging lien.[2] A Special Referee recommended that Plaintiff was entitled to recover from the Debtor for services rendered on the basis of *quantum meruit* and that a charging lien be fixed and determined in the amount of $8,000 less the $3,725 previously paid by the Debtor. On October

13, 1993, the Supreme Court confirmed that recommendation, leaving a balance owing by the Debtor of $4,275. After receiving no payment, Plaintiff commenced an action in the Civil Court of the City of New York to recover the monies owed. Thereafter, Debtor filed a petition for relief under the provisions of chapter 7 of the Bankruptcy Code and scheduled the debt owed to her former attorneys as a general unsecured non-priority claim. On November 29, 1995, Plaintiff filed the instant adversary proceeding to determine the dischargeability of Debtor's obligation to it.

### DISCUSSION

Section 523(a)(5) provides that a discharge under the Bankruptcy Code does not discharge an individual debtor from any debt:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . .;

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5) (1996).

■ It is well settled in this Circuit that obligations in the nature of alimony, maintenance and support may include attorney's fees incurred by a former spouse in connection with a divorce proceeding, custody dispute, or obtaining and enforcement of alimony and support awards.[3] As explained by

---

**2.** Plaintiff's charging lien was sought pursuant to Judiciary Law § 475, which provides, in pertinent part, as follows:

> From the commencement of an action, . . . in any court . . . or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination,

decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; . . . . The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y.Judiciary Law § 475 (McKinney 1983).

**3.** *See Pauley v. Spong (In re Spong ),* 661 F.2d 6 (2d Cir.1981); *Tavella v. Edwards (In re Edwards ),* 172 B.R. 505 (Bankr.D.Conn.1994);

the Second Circuit Court of Appeals, "An award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law." *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9 (2d Cir.1981).

The majority of courts similarly embrace the principle that fees incurred on behalf of a child, such as fees owed to a court appointed guardian ad litem or attorney ad litem, are nondischargeable because such fees are deemed to be support when they are inextricably intertwined with proceedings affecting the child's welfare. *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 295 (S.D.N.Y. 1991) (citing *In re Laney*, 53 B.R. 231 (Bankr.N.D.Tex.1985); *Matter of Coleman*, 37 B.R. 120 (Bankr.D.Colo.1984)), *aff'd* 964 F.2d 166 (2d Cir.1992).

■ Thus, what is paramount in determining dischargeability is whether the award of attorney's fees is intended to serve the support function and, whether a court order has been issued mandating the payment of those fees as part of the alimony or child support. 11 U.S.C. § 523(a)(5) ("... in connection with a separation agreement, divorce decree or other order of a court of record....") *See also In re Jordan*, 47 B.R. 853 (Bankr. E.D.N.Y.1985) (support obligation established by order of support *pendente lite* was nondischargeable even though not contained in separation, divorce or settlement decree).

■ Plaintiff cannot point to a court order mandating payment of its fees as part of alimony or child support, but rather argues that the attorney's fees owed by Debtor were incurred because it was in the best interests of Debtor's child that the Debtor hire counsel to address the issues of custody, visitation and support. Accordingly, Plaintiff claims that Debtor's obligation is in the nature of nondischargeable support and cites three authorities in support of its position, to wit, *Spong, supra; Peters, supra* and *Katz v. Katz (In re Katz)*, 119 B.R. 22 (Bankr. S.D.N.Y.1990). The award of attorney's fees in each of the foregoing cases was deemed to be incidental to the underlying nondischarge-

*Sculler v. Rosen (In re Rosen)*, 151 B.R. 648 (Bankr.E.D.N.Y.1993); *Bonheur v. Bonheur (In re Bonheur)*, 148 B.R. 379 (Bankr.E.D.N.Y.

able support obligation owed by the debtor/spouse to the non-debtor/spouse. *Spong, supra*, (attorney's fees of wife which debtor agreed to pay pursuant to stipulation incorporated into divorce decree were properly characterized as alimony and support); *Peters, supra*, (attorney's fees which court directed debtor to pay to attorney appointed by the court to represent debtor's son during custody dispute were nondischargeable as being in the nature of support); *Katz, supra*, (obligation to pay attorney's fees incurred in connection with matrimonial proceeding regarded as indirect payment to debtor's spouse in nature of nondischargeable alimony, maintenance or support).

However, here the attorney's fees owed is based upon a contractual obligation of the Debtor to her own attorneys, rather than an obligation of the Debtor to her former husband or his attorneys. The Debtor is not attempting to discharge a debt owed to her husband or an award of attorney's fees resulting from a child support obligation owed to her husband or child. To accept Plaintiff's argument would have the effect of finding that any and all expenses which accrue to the benefit of a child, such as food, clothing and medical expenses, would be nondischargeable under section 523(a)(5). Such a result flies in the face of the crucial goal of the Bankruptcy Code of allowing a debtor a "fresh start" unburdened by the unpaid balance of pre-bankruptcy debts.

Indeed, this Court has found only two cases in which similar claims were made and, in both cases it was held that a debtor's liability for his or her own attorney's fees incurred in a child support dispute is not a debt owed "to a spouse" for purposes of section 523(a)(5). *In re Rios*, 901 F.2d 71 (7th Cir.1990); *Michaels v. Lindberg (In re Lindberg)*, 92 B.R. 481 (Bankr.D.Colo.1988); *see also* 3 Norton Bankruptcy Law and Practice 2d, § 47:37 (1994) ("Attorneys' fees owed by the spouse seeking a support award ... are dischargeable as to that spouse if that spouse filed a bankruptcy petition.")

1992); *Kavanakudiyil v. Kavanakudiyil (In re Kavanakudiyil)*, 143 B.R. 598 (Bankr.S.D.N.Y. 1992).

In the instant matter, there is no spouse claiming that a support obligation and accompanying attorney's fees are nondischargeable; it is only the Debtor's attorneys who seek exception to the dischargeability of their unpaid fees under their contract with the Debtor.

Accordingly, the Debtor's debt owing to Plaintiff in the amount of $4,275 is deemed a dischargeable debt subject to the discharge provisions of chapter 7.

Based upon the pleadings and memorandum of law submitted by Plaintiff, this Court finds that Plaintiff did not commence this adversary proceeding in bad faith or for an improper purpose. Therefore, Debtor's application for sanctions pursuant to Rule 9011(a) against the Plaintiff is denied.

### CONCLUSIONS

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. The Debtor's debt to Plaintiff in the amount of $4,275.00 is deemed a dischargeable debt.

3. Debtor's application for sanctions pursuant to Rule 9011(a) is denied.

SETTLE AN ORDER IN CONFORMITY WITH THIS OPINION.