In re Karen Lynne DEAN, Debtor.

Karen Lynne Dean, Plaintiff,

v.

Suzanne L. Brunsting, Defendant.

Bankruptcy No. 98–23731.
Adversary No. 99–2004.

United States Bankruptcy Court,
W.D. New York.

March 19, 1999.

Peter A. Lheron, Rochester, NY, for debtor/plaintiff.

Suzanne L. Brunsting, Rochester, NY, for defendant.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On October 7, 1998, Karen Lynne Dean (the "Debtor") filed a petition initiating a Chapter 7 case. On the schedules and statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that: (1) she had creditors with unsecured nonpriority claims of in excess of $33,000, including $2,300 owed to Suzanne Brunsting, Esq. ("Brunsting") for legal services rendered; and (2) her current monthly household expenses, for herself and her 11– and 14–year-old sons, exceeded her current monthly income from self-employment and child support payments by $58.

On January 8, 1999, after the Debtor's Trustee had conducted a Section 341 Meeting of Creditors on November 12, 1998, which Brunsting attended, and before the January 11, 1999 deadline to file complaints objecting to the dischargeability of any debts pursuant to Section 523(a)(15), the Debtor commenced an adversary proceeding (the "Adversary Proceeding") against Brunsting.

The Complaint in the Adversary Proceeding alleged that: (1) at the Section 341 Meeting, Brunsting had asserted that the attorney fees owed from the Debtor for legal services rendered in representing her in her divorce proceedings, which included contested issues of child support, custody and visitation, were nondischargeable; (2) during the course of her matrimonial and related proceedings the Debtor had paid Brunsting approximately $4,000 for her services; (3) the $2,650.25 additional amount billed by Brunsting, together with the $4,000 previously paid, would

be an excessive fee for the services performed; and (4) the Court should discharge the debt to Brunsting for attorney fees because it was not exempt from discharge pursuant to either Section 523(a)(5) or Section 523(a)(15).

On January 26, 1999, Brunsting interposed an Answer to the Complaint (the "Answer") which alleged that: (1) the attorney fees owed by the Debtor were reasonable and had been necessary to protect her interests in her matrimonial and related proceedings; (2) the fees were "certainly in the nature of support and should not be dischargeable," because they were for services which included the negotiations for, and the preparation and revision of, a separation agreement that was never finalized due to the Debtor's husband's resistance, and the litigation of child support, custody and visitation issues; (3) at the time of the Debtor's bankruptcy the Debtor had verbally terminated Brunsting's services, and the issues of divorce, custody, child support and visitation had not yet been finalized, either by an agreement of the parties or a decree of the state court; and (4) if the attorney fees owed were determined to be dischargeable, financially troubled individuals would have difficulty finding attorneys to represent them in matrimonial and related matters.

At a February 18, 1999 pretrial conference, the parties argued the issues and requested that the Court file a written decision based upon the Complaint and Answer, the Debtor's statements and schedules and their arguments at the pretrial conference, without the need for any further written submissions or for the Court to conduct an evidentiary hearing.

1.  Section 523(a)(5) provides that:
    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
    (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

## DISCUSSION

### A. SECTION 523(a)(5)

Section 523(a)(5) [1] of the Bankruptcy Code excepts from discharge any debt to a spouse, former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, property settlement agreement, other order of a court of record or governmental determination. Every court that has published a decision on this issue has held that a debt due from a debtor for his or her own attorney fees incurred in connection with matrimonial and related proceedings is dischargeable. *See In re Lindberg*, 92 B.R. 481 (Bankr. D.Colo.1988) (the debt for the legal fees of the debtor was not due to a spouse, a former spouse or child of the debtor and was not required by a court order); *In re Rios*, 901 F.2d 71 (7th Cir.1990) (the debt was not pursuant to a court order as required by Section 523(a)(5)); *In re Klein*, 197 B.R. 760 (Bankr.E.D.N.Y.1996) ("*Klein*") (the debt was dischargeable because the attorney fees were not due as the result of an award pursuant to a court order, but were due as the result of a contractual obligation the debtor had to the attorney); and *In re Akamine*, 217 B.R. 104 (Bankr.S.D.N.Y.1998) ("*Akamine*") (the debt for attorney fees was incurred as a result of the debtor's contractual obligation to the attorney, and not "in connection with a separation agreement, divorce decree or other order of a court of record," even though the separation agreement acknowledged that each party would pay their own attorney fees.)

■ The courts in these four published decisions together have addressed each of the possible relevant statutory construction

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;
11 U.S.C. § 523(a)(5) (1999).

and policy consideration arguments that could be made in connection with a Section 523(a)(5) cause of action brought by a matrimonial attorney for a debtor to have that debtor's own matrimonial and related contractual attorney fees determined to be non-dischargeable. In this Court's opinion, these courts have correctly concluded that the attorney fees due from a debtor to his or her own attorney for pre-petition matrimonial and related legal services, which are not required to be paid by the debtor as the result of a separation or property settlement agreement or an award made in a divorce decree or other court order, but are simply due because of the debtor's contractual relationship with that attorney, are dischargeable as to that debtor.

## B. *SECTION 523(a)(15)*

Section 523(a)(15) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15) (1999).

Brunsting has asserted that the debt due to her from the Debtor is "not of the kind described in paragraph (5)" because: (1) it is not a debt due to a spouse, former spouse or child of the Debtor; (2) the Court has determined in this Adversary Proceeding that it cannot be excepted from discharge under Section 523(a)(5) as a debt for alimony to, maintenance for, or support of a spouse or child, or "in the nature of" the same; and (3) although it is not a debt incurred in connection with a separation agreement, divorce decree, other order of a court of record or determination by a governmental unit, if the Court accepts that the decisions in *Klein* and *Akamine* have properly interpreted that phrase, it was, nevertheless, incurred by the Debtor "in the course of a divorce."

Utilizing this "Brunsting Interpretation" of "not of the kind described in paragraph (5)," a plain reading of Section 523(a)(15) would, in the first instance, except the debt due to Brunsting from discharge as one which was "incurred by the debtor in the course of a divorce or separation." This then requires the Court to: (a) determine under Section 523(a)(15)(A) whether the Debtor has an ability to pay the debt; and (b) make the relative benefit-detriment analysis under Section 523(a)(15)(B), if the Debtor is found to have an ability to pay.

On the facts and circumstances of this case, because there is no evidence before the Court of an ability to pay other than the Debtor's statements of current monthly income and expense, which show that the Debtor's expenses exceed her income, the debt due to Brunsting must be determined to be dischargeable. The Debtor has no ability to pay as required under Section 523(a)(15)(A) for the debt to be determined to be nondischargeable.

In addition, on the facts and circumstances of this case, the debt to Brunsting must also be determined to be dischargeable under Section 523(a)(15)(B), because the benefit of a "fresh start" to this Debtor, one of the fundamental policies of the Bankruptcy Code, clearly outweighs the detriment to a spouse, former spouse or child of the Debtor from discharging the debt. In this case, if the debt for attorney fees due to Brunsting is

discharged, and the Debtor does not pay it, since no one else is liable on the debt, there will be absolutely no detrimental consequence to any spouse, former spouse or child of the Debtor.

No matter how a court interprets the phrase "not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation," it is the analysis required by Section 523(a)(15)(B) that will always make a debt for matrimonial and related attorney fees due only from a debtor, solely as the result of a contractual relationship with the attorney, dischargeable under Section 523(a)(15). *See In Re Smith*, 205 B.R. 612 (Bankr.E.D.Ca. 1997) and *In Re Beach*, 203 B.R. 676 (Bankr. N.D.Ill.1997).[2]

## C. *OVERVIEW*

Although the Brunsting Interpretation of "not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation" does not result in the attorney fees due from the Debtor being determined to be nondischargeable under Section 523(a)(15), it does raise an important question: What debts was Congress excepting from discharge in Section 523(a)(15) that could be "not of the kind described in paragraph (5)" and be "incurred by the debtor in the course of a divorce or separation," but not be "incurred in connection with a separation agreement, divorce decree or other order of a court of record, ... or ... a deter-

mination ... by a governmental unit," since the phrase is disjunctive? [3]

### 1. *The Second Disjunctive Phrase*

The language of Section 523(a)(15), its legislative history and the benefit-detriment analysis required by Section 523(a)(15)(B) are consistent with interpreting the second disjunctive phrase, "not of the kind described in paragraph (5) that is incurred by the debtor ... in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit," as excepting from discharge a debt or obligation [4] to a spouse or former spouse of the debtor, but not one for alimony to, maintenance for, or support of such spouse or a child of the debtor, and actually in the nature of the same, that is incurred by the debtor in a divorce decree or separation agreement, or as the result of another order of a court of record or determination by a governmental unit.

The legislative history indicates that these debts or obligations arise out of divorce decrees or separation agreements.

> Subsection (e) adds a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support. In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those

---

**2.** Other courts have found a debtor's own attorney fees dischargeable by determining that the creditor owed those attorney fees has no standing to bring a complaint under Section 523(a)(15); that only a spouse, former spouse or child of the debtor can bring such a complaint. *See In Re Wenneman*, 210 B.R. 115 (Bankr. N.D.Ohio.1997) and the cases cited therein.

**3.** Rather than assuming that this disjunctive phrase has meaning and making an attempt to determine what debts Congress had provided for, in finding numerous debts to be dischargeable because the court felt that to except the debt from discharge would not be consistent with the legislative history or intent of Section 523(a)(15), courts have essentially written this phrase out of the statute. Commentators appear to have done the same. Even the legislation which was the genesis for Section 523(a)(15), House Bill 4711, The Spousal Equity in Bankruptcy Amendments

of 1994, ("**HR 4711**") a bill sponsored by Congresswoman Louise M. Slaughter, contained similar disjunctive phrases—"assumed or incurred by the debtor in the course of a divorce of separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement[.]" *See* the discussion in *In Re Harris*, 203 B.R. 558, 560 (Bankr.Del.1996).

**4.** In *In re Gibson*, 219 B.R. 195, 203 (6th Cir. BAP 1998) the Panel held that the Debtor's agreement to pay a joint prepetition debt to his step-father, contained in a separation agreement which did not include a "hold harmless" provision, was sufficient to meet the requirement of a debt incurred in connection with a separation agreement.

debts, in exchange for a reduction in alimony payments. In other cases, spouses have agreed to lower alimony based on a larger property settlement. If such "hold harmless" and property settlement obligations are not found to be in the nature of alimony, maintenance or support, they are dischargeable under current law. The nondebtor spouse may be saddled with substantial debt and little or no alimony or support.

**140 Cong.Rec. H10752–01, *H10770**

The legislative history further indicates that these debts or obligations which arise out of divorce decrees or separation agreements are, as one would expect, only those which are to a spouse or former spouse, and can only be asserted by them.

> The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement.

*Id.*

The analysis required by Section 523(a)(15)(B), a balancing of the benefit to the debtor of a fresh start against any detrimental consequences to a spouse, former spouse or child of the debtor, is consistent with the legislative history for those debts or obligations that arise out of a divorce decree or separation agreement, since those must be to a spouse or former spouse, not to third parties. As a result, courts and commentators have generally assumed that the existence of this Section 523(a)(15)(B) analysis requires them to interpret the "not of the kind described in paragraph (5)" introductory language in Section 523(a)(15) to except from

discharge only debts to a spouse or former spouse that are not for alimony, support or maintenance. However, the benefit-detriment analysis may be equally applicable when a debt is owed jointly by a debtor and a spouse or former spouse.

### 2. *The First Disjunctive Phrase*

While the legislative history may be helpful in clarifying that the exception to discharge under Section 523(a)(15) covers debts to a spouse or former spouse arising under a divorce decree or separation agreement that are not alimony, support or maintenance, it is not helpful when a court must interpret what debts Congress excepted from discharge by the other disjunctive phrase; debts or obligations "incurred by the debtor in the course of a divorce or separation," but not incurred in connection with a divorce decree, separation agreement, court order or governmental determination. One possibility is that this first disjunctive phrase excepts from discharge debts or obligations to a spouse or former spouse that arise out of a property settlement agreement. That interpretation would not be completely consistent with that portion of the legislative history which indicates that the Section is intended to except from discharge debts arising out of a divorce decree or separation agreement. However, the legislative history does indicate that some of these obligations are "property settlement obligations." That interpretation may also explain, in part, why "a property settlement agreement" was inexplicably deleted from the second disjunctive phrase, "or in connection with a separation agreement, divorce decree, or other order of a court of record, a determination ... by a governmental unit"; a phrase which is otherwise identical with the language of Section 523(a)(5) and the second disjunctive phrase in **HR 4711**.[5]

If this interpretation of the first disjunctive phrase is correct, and it only excepts

**5.** Since courts, commentators and lecturers commonly refer to Section 523(a)(15) debts as "property settlement debts," it is difficult to understand why a specific reference to property settlement agreements was not included in Section 523(a)(15) as it was in Section 523(a)(5) and in **HR 4711**. It is more difficult, however, to understand how the language "not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation," should be interpreted as describing only a debt or obligation to a spouse or former spouse that is not alimony, maintenance or support which arises out of a property settlement agreement.

from discharge non-support debts or obligations due to a spouse or former spouse arising out of a property settlement agreement, Congress could have enacted Section 523(a)(15) by simply restating Section 523(a)(5) and adding two words to it, so that Section 523(a)(15) could have read as follows:

... to a spouse, former spouse, or child of the debtor, **NOT** for alimony to, maintenance for, or support of such spouse or child, **INCURRED** in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement unless ...

But it did not.

Furthermore, if a proper interpretation of the first disjunctive phrase "incurred by the debtor in the course of a divorce or separation" is, despite its plain language, either that: (1) it only excepts from discharge non-support debts or obligations to a spouse or former spouse arising out of a property settlement agreement entered into during a divorce or separation; or (2) there is no interpretation necessary, because it is a meaningless phrase that does not refer to any debts not described by the second disjunctive phrase, Section 523(a)(15) would not except from discharge a category of debts incurred in the course of a divorce or separation which Congress may have been attempting to except from discharge by its disjunctive language. This category of debts, even though not to a spouse, former spouse or child of the debtor, if not excepted from discharge, could have detrimental consequences for a spouse, former spouse or child of the debtor. These are joint debts to a third party incurred by spouses "in the course of a divorce or separation," which may not have been in the nature of alimony, maintenance or support for a spouse or a child, and/or may not have arisen out of a property settlement agreement, separation agreement, divorce decree, other order of a court of record or determination by a governmental unit, as that phrase has been interpreted by *Klein* and *Akamine*.

What if, for example, during a separation or in the initial stages of obtaining a divorce, the spouses, who believed that they could obtain an amicable divorce, consulted the same attorney and incurred legal fees, but later discharged that attorney. The spouses would be jointly liable for the attorney fees incurred.[6] If one spouse later files bankruptcy, could that debtor's obligation to pay the joint debt be determined to be nondischargeable under the Brunsting Interpretation of Section 523(a)(15), if the Court finds that the Debtor has an ability to pay the debt and that it would be a great hardship for the non-filing spouse to have to pay the debt if the debtor does not.[7] In the case of such a joint debt, there may be times when the benefit-detriment analysis under Section 523(a)(15)(B) might be resolved in favor of a non-filing spouse, and excepting all or a part of such a debt from discharge would not clearly produce a result demonstrably at odds with the intention of Congress.[8]

Congress must have meant the first disjunctive phrase "not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation" to apply to some debts. Unfortunately, those debts were not clearly identified in the statute or the relevant legislative history. Were they only debts or obligations to a spouse or former spouse of the debtor arising out of a

---

6. What if they went to counseling or a mediator?

7. Perhaps only one-half of the debt could or should be excepted from discharge on the theory that the non-debtor joint obligor may have a right of contribution or reimbursement to the extent that he or she is required to and pays more than his or her one-half. Perhaps the non-debtor spouse could commence an adversary proceeding to have the debtor's obligation to pay at least the one-half determined to be excepted from discharge, even if the non-debtor spouse does not pay the debt in full beforehand, or, in the event that the non-debtor spouse later does pay the debt in full.

8. These examples of joint debts are at least incurred in the course of and directly related to a divorce or separation. What about other joint debts incurred during the course of a divorce or separation but not directly related to the divorce or separation? Does "in the course of" mean the same as the "in connection with" language in the second disjunctive phrase, or does it mean during the time while the parties are going through a divorce or separation?

property settlement agreement that were not alimony, maintenance or support? These questions and the issues they raise are not before the Court today for decision. Perhaps Congress will amend and clarify Section 523(a)(15) before these questions and issues must be decided.

### CONCLUSION

The debt due to Brunsting from the Debtor for the attorney fees due her is discharged.

**IT IS SO ORDERED.**