In re Joel R. KATZ, Debtor.

Eva Zilz KATZ, Plaintiff,

v.

Joel R. KATZ, Defendant.

**Bankruptcy No. 90B20149.
No. 90 Adv. 6090.**

United States Bankruptcy Court,
S.D. New York.

Sept. 14, 1990.

Barr & Rosenbaum, Spring Valley, N.Y., for plaintiff.

Kantrowitz & Goldhamer, P.C., Chestnut Ridge, N.Y., for Joel R. Katz.

DECISION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Plaintiff, the divorced wife of the Chapter 7 debtor, Joel R. Katz, has moved pursuant to Fed.R.Civ.P. 56, as adopted by Bankruptcy Rule 7056, for summary judgment declaring the debts owed by the debtor to his ex-wife to be non-dischargeable as alimony, maintenance or support in accordance with 11 U.S.C. § 523(a)(5).

On February 22, 1990, the debtor, Joel R. Katz, filed with this court his voluntary petition under Chapter 7 of the Bankruptcy Code.

On July 9, 1990, plaintiff, Eva Zilz Katz, filed a complaint pursuant to 11 U.S.C. § 523(a)(5) to determine the debts owed to her by the debtor to be nondischargeable as obligations for alimony, maintenance and support.

Plaintiff is the former wife of the debtor. On July 24, 1989, in the course of a matrimonial proceeding between the parties for a divorce in the Supreme Court, State of New York, County of Rockland, a Judicial Hearings Officer rendered a decision with respect to the issues of spousal maintenance, child support and equitable distribution. This decision was incorporated in a Supplemental Judgment, dated November 6, 1989, which was entered by the Supreme Court, State of New York, Rockland County.

Pursuant to this judgment, the debtor's former wife was awarded 60% of the marital residence of the parties, valued at $460,000.00, less the outstanding mortgage of $54,536.00, for a net value of $405,464.00. The plaintiff's 60% share of the property for purposes of equitable distribution was $243,278.00. Additionally, the plaintiff was awarded 50% of two other parcels of property transferred by the debtor to his corporation for a distributive sum of $68,000.00. As part of the equitable distribution decree, the debtor was also ordered to pay to the plaintiff $40,363.00 for arrears in real

estate taxes and $4,179.00 for arrears in mortgage payments. Thus, the total property distribution in favor of the plaintiff was $355,820.00.

The state court judgment also ordered the debtor to pay child support for one of their three daughters who was still a minor, at the rate of $150.00 per week, which was to be increased to $200.00 per week after the debtor's obligation to pay alimony of $150.00 per week to the plaintiff ceased.

In view of the fact that the debtor was directed to transfer the fee title to the marital residence to the plaintiff, valued at a net amount of $405,464.00, in exchange for an equitable distribution award to the plaintiff ex-wife in the sum of $355,820.00, there remained a credit to which the debtor was entitled as a result of the property settlement in the amount of $49,644.00.

However, the state court judgment also charged the debtor for arrears in child support in the sum of $28,000.00 and counsel fees, together with disbursements by counsel in connection with the matrimonial action, in the amount of $48,583.00, for a total of $76,583.00, which not only wiped out the balance of $49,644.00 to which the debtor was entitled under the property settlement, but created a net balance in favor of the plaintiff ex-wife in the sum of $27,439.00, which the debtor was ordered to pay to the plaintiff.

Manifestly, the $27,439.00 owed by the debtor to the plaintiff was attributable solely to the unpaid child support, counsel fees and disbursements of counsel, totalling $76,583.00. No part of the $27,439.00 balance owed by the debtor to the plaintiff can be characterized as a property settlement or attributed to the equitable distribution order.

## DISCUSSION

Whether or not a debt is a support obligation or part of a property settlement is a question of federal bankruptcy law and not state law. *Long v. West (In re Long)* 794 F.2d 928, 930 (4th Cir.1986); *In re Kaufman*, 115 B.R. 435 (Bankr.E.D.N.Y.1990); *In re Freyer*, 71 B.R. 912 (Bankr.S.D.N.Y. 1987) *aff'd*, 87 CIV. 3540 (S.D.N.Y.

24

11/3/87, Goettel, J.). The complaining spouse has the burden of establishing that an obligation is nondischargeable on the ground that it is actually in the nature of alimony, maintenance or support within the meaning of 11 U.S.C. § 523(a)(5). *In re Freyer*, 71 B.R. at 916. Where a separation agreement contains an equitable distribution lump sum payment with respect to the marital residence and a separate portion dealing with periodic payments to the wife for support and maintenance, the lump sum may be characterized as a dischargeable property settlement, whereas the periodic support payments will represent nondischargeable obligations in the nature of alimony, maintenance and support. *In re Kaufman*, 115 B.R. at 441.

▮ In the instant case, the net balance of $27,439.00, owed by the debtor to his ex-wife represents the excess of unpaid child support, counsel fees and disbursements which were not offset by the equitable distribution award between the parties. There is no question that unpaid child support is expressly declared to be nondischargeable under 11 U.S.C. § 523(a)(5) when made in connection with a support or divorce decree. Similarly, an obligation to pay counsel fees and disbursements of counsel incurred in connection with a matrimonial proceeding is regarded as an indirect payment to the debtor's spouse in the nature of alimony, maintenance or support and is nondischargeable under 11 U.S.C. § 523(a)(5). *See Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981); *In re Kaufman*, 115 B.R. at 442.

There are no disputed, genuine questions of fact in this case. The $27,439.00 debt owed by the debtor to the plaintiff is expressly attributable to the unpaid child support and counsel fees, together with counsel's disbursements which the debtor has been directed to pay to his ex-wife in accordance with the state court divorce judgment. This obligation is clearly nondischargeable under 11 U.S.C. § 523(a)(5).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. Plaintiff has established that there are no disputed, genuine questions of fact with respect to the debtor's obligation to pay her $27,439.00, pursuant to the state court matrimonial judgment between the parties.

3. Plaintiff is entitled to a summary judgment directing that the $27,439.00 obligation owed to her by the debtor is in the nature of alimony, maintenance and support within the meaning of 11 U.S.C. § 523(a)(5) and is nondischargeable.

SETTLE ORDER on notice.