In re Michael S. MILNER, Debtor.

Mary Beth Milner, Plaintiff,

v.

Michael S. Milner, Defendant.

Bankruptcy No. 04–12081 B.
Adversary No. 04–1313 B.

United States Bankruptcy Court,
W.D. New York.

Aug. 1, 2006.

Cole, Sorrentino, Hurley, Hewner & Gambino, P.C. (Thomas F. Hewner, of counsel), Buffalo, NY, for Plaintiff.

Aaron, Dautch, Sternberg & Lawson, LLP (William E. Lawson and Francis P. Weimer, of counsel), Buffalo, NY, for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

Although the plaintiff has framed the present controversy as a dispute involving the discharge of obligations resulting from a judgment of divorce, the outcome will depend upon the meaning of a trustee's sale that is subject to any lien or encumbrance of record.

On October 21, 2003, the New York State Supreme Court granted to Mary Beth Milner a divorce from Michael S. Milner, her husband of almost seventeen years. Pursuant to the Judgment of Divorce, Mr. Milner was ordered to pay alimony, child support, and other sums to or on behalf of his ex-wife. While these obligations were yet unsatisfied, Mr. Milner filed a petition for relief under chapter 7 of the Bankruptcy Code on March 25, 2004. In response, Mary Beth Milner initiated the present adversary proceeding in which she seeks a declaration that various obligations under the Judgment of Divorce are non-dischargeable. She further requests a judgment for the amount due.

Michael Milner filed his bankruptcy petition prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Consequently, the former text of 11 U.S.C. § 523(a) will govern the discharge of obligations to the debtor's ex-spouse. Paragraph 5 of this section states generally that a discharge under chapter 7 of the Bankruptcy Code will not discharge a debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record." Further, paragraph 15 of section 523(a) establishes a balancing test to determine the dischargeability of other matrimonial obligations that are not in the nature of alimony, maintenance or support.

Asserting only a claim under 11 U.S.C. § 523(a)(5), Mary Beth Milner contends that her ex-husband owes non-dischargeable obligations having a combined value of $18,866.55. At the trial of this dispute, Mrs. Milner identified the following six components of liability: child support arrears for the period prior to May 31, 2002, in the amount of $4,000.35; child support arrears for the period from May 31, 2002, to December 31, 2003, in the amount of $1,335.00; reimbursement for mortgage payments in the amount of $6,884.20; at-

torney fees in the amount of $4,250.00; restitution of $500.00, owed by reason of the husband's unauthorized sale of an automobile; and reimbursement of automobile lease payments in the amount of $1,897.00. In response, the debtor disputes liability and contends that some of these components are not in the nature of alimony, maintenance or support. With respect to liability, Mr. Milner argues that the state court had ordered a sale of the marital residence, that his ex-wife had opportunity to effectuate a sale that would have generated proceeds sufficient to satisfy all of her claims, and that the wife's refusal to complete the sale operated to release the husband from his obligations.

At the time of their divorce, Michael and Mary Beth Milner held title to the marital residence at 217 Springtree Lane in the Town of Greece. Pursuant to the Judgment of Divorce dated October 21, 2003, Justice David M. Barry of the New York State Supreme Court ordered that this real property "shall be immediately listed and sold." The proceeds of sale were then to be divided equally between husband and wife, subject to three adjustments. First, "prior to the equal division of the proceeds," Mrs. Milner would receive $6,884.20 as reimbursement for moneys that she had advanced to cure mortgage arrears. Second, the judgment stated that if Michael Milner failed to pay child support in the amount of $4,000.35 within thirty days, then the wife would receive this sum from the husband's share of proceeds. Third, the Judgment of Divorce gave to the attorneys for Mrs. Milner a lien against the husband's share of proceeds, to secure the husband's obligation

to pay legal fees in the amount of $4,250. These adjustments incorporate three of the six obligations that Mary Beth Milner claims to be non-dischargeable.[1] Because legal significance attaches to the state court directive for payment from proceeds, this opinion will separately consider those obligations that are chargeable to property and those which the husband was to pay directly.

### Claims Chargeable to Property

When Michael Milner filed his petition for relief under chapter 7 of the Bankruptcy Code, he and his former spouse had not yet sold the property at 217 Springtree Lane. Within four months after the commencement of bankruptcy proceedings, however, the trustee negotiated a sale of the debtor's interest in that real estate to Mary Beth Milner, for the sum of $3,000. Pursuant to 11 U.S.C. § 363(b)(1) (West Group 2002) (amended 2005) and Bankruptcy Rule 6004, the trustee then prepared a notice of his intent to sell and caused it to be served upon all creditors and parties in interest, including Michael Milner. This notice stated that the sale would be subject to "any lien or encumbrance of record." Further, the notice set August 2, 2004, as the date by which parties could object to the sale or request a hearing. Upon receiving no such objection or request, the trustee executed a trustee's deed for the property on September 8, 2004. This deed conveyed to Mary Beth Milner all of the "right, title and interest" that the trustee held in his capacity as trustee with respect to the marital residence. Further, the deed stated that "[t]his property is transferred 'as is' and

---

1. Under the Judgment of Divorce, the reimbursement claim of $6,884.20 was to be paid from the sale proceeds prior to any allocation between the parties. Essentially, therefore, this component would have been chargeable half to Mrs. Milner and half to her ex-husband. Nonetheless, the plaintiff now asserts that the entire reimbursement is non-dischargeable. For the reasons stated hereafter, however, this error bears no consequence, as this obligation has been satisfied.

where is and without representation or warranty of any kind, nature or description."

By reason of the trustee's deed, Mary Beth Milner acquired her ex-husband's interest in the marital residence. This interest, however, was encumbered by the directives of the Judgment of Divorce. These directives included the right to charge the property with payment of three obligations totaling $15,134.55. Whether or not these charges would have constituted a security interest that was perfected against the rights of a bona fide purchaser, they would typically encumber any acquisition of title by a person with knowledge. Although 11 U.S.C. § 363(f) recognizes circumstances under which a trustee may sell property free and clear of other interests, Mary Beth Milner here purchased the trustee's interest without protection from liens and encumbrances. As a party to the divorce proceeding, Mary Beth Milner knew her right to recover payment from the debtor's share of proceeds. Accordingly, the purchase price of $3,000 represents only a net value of the debtor's interest in 217 Springtree Lane, after adjustment for charges against that interest. The transaction merged into the title any pre-existing rights to recover money from the property. Thus, the wife's acquisition of title operated to satisfy the three claims that were to have been paid from the proceeds of sale.

■ New York law recognizes that "[u]nless there is evidence of a contrary intention, the mortgagor's personal liability for the mortgage debt is extinguished when the holder of the mortgage acquires title to the mortgaged property from the mortgagor or from a subsequent owner of the premises." 78 N.Y. JUR. 2d *Mortgages and Deeds of Trust* § 332 (2003) (footnotes omitted). Although the disputed obligations were not here secured by mortgag-

es, the same equitable principles of merger apply. Justice Woodworth summarizes this concept in his opinion in *James v. Morey*, 2 Cow. 246, 284 (N.Y.Sup.Ct.1823): "wherever a greater estate and a less, coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated, or in the law phrase, is said to be merged; that is, sunk or drowned in the greater." In the present instance, the Judgement of Divorce ordered the immediate sale of 217 Springtree Lane, and that its proceeds be used to satisfy three obligations to or for the benefit of Mary Beth Milner. Instead, by acquiring her husband's interest from a bankruptcy trustee, Mary Beth Milner accomplished into her own name the prompt sale that the state court had mandated. For Mary Beth Milner, the property itself became proceeds of sale. Her ownership of the property, therefore, constitutes payment of obligations charged to her husband's interest. Equitably, her claims to proceeds from the property were merged into the title that she purchased from the trustee.

The chapter 7 trustee could have chosen to avoid the unperfected liens of Mary Beth Milner and her counsel with respect to the debtor's interest in 217 Springtree Lane. Had he done so, the trustee might presumably have sold his interest for a greater consideration. That consideration, however, would merely have enabled the trustee to redistribute much of the proceeds back to Mrs. Milner on account of priority claims arising from the Judgment of Divorce. *See* 11 U.S.C. § 507(a)(7) (West Group 2002) (amended 2005). Instead, the trustee achieved a similar result, by selling his interest to Mrs. Milner for the value net of any matrimonial encumbrance. Under these circumstances, equity supports the outcome that recognizes a satisfaction of the three claims that the

husband would otherwise have paid from his share of proceeds from a sale outside bankruptcy.

## Claims Payable Directly from Husband

■ Pursuant to the decrees of state court, the debtor owed three other matrimonial debts. Because these debts were not chargeable against proceeds of the real estate, the sale of the property did not effect their satisfaction. The first of these remaining obligations is for $500.00, and represents one-half of the value of a car that Michael Milner sold without any accounting for his wife's interest. In my view, this obligation involves a distribution of marital property and is not in the nature of alimony, maintenance or support. Thus, section 523(a)(5) does not apply. Because Mary Beth Milner makes no further claim of non-dischargeability under section 523(a)(15), this debt for $500 has been discharged.

■ The final two components of Mrs. Milner's claim involve an additional liability for child support in the amount of $1,335.00, and a reimbursement of automobile lease payments in the amount of $1,897. Child support presumptively satisfies the definition of support for purposes of section 523(a)(5). *In re Katz*, 119 B.R. 22 (Bankr.S.D.N.Y.1990). Courts have generally treated reasonable transportation expenses as a necessary component of maintenance and support. *Gianakas v. Gianakas*, 917 F.2d 759 (3rd Cir.1990); *In re Swiczkowski*, 84 B.R. 487 (Bankr. N.D.Ohio 1988). In my view, the present lease payments satisfy this test. Accordingly, both of these final two components of Mrs. Milner's claim will be deemed non-dischargeable.

At the trial, Michael Milner presented proof about opportunities that Mary Beth Milner could have pursued to effect a sale of the marital residence to a third party. For example, the court heard testimony from a prospective purchaser and from two realtors who had assisted Mary Beth Milner with her attempts to market the property. After the trial, counsel for Michael Milner submitted an affidavit which asserted that Mary Beth Milner did eventually resell the property for a sum sufficient to satisfy all of Mrs. Milner's claims from the half interest that would have been attributable to her husband.[2] This evidence has no relevance, however, in as much as Mary Beth Milner had already acquired her husband's interest in the marital residence. Like any other prior owner of an interest in real estate, the debtor enjoyed no right to benefit from a subsequent disposition of the property. As discussed above, the trustee's deed effected a satisfaction of the three obligations that were a charge against the property. Any other obligations survive as personal liabilities, against which Michael Milner can claim no offset or application from any proceeds of a subsequent sale.

The debtor had opportunity to object to the trustee's sale of any interest in 217 Springtree Lane. Having raised no objection, Michael Milner may not now complain if the property did not generate sufficient proceeds to the trustee to enable him to satisfy the non-dischargeable portion of any priority claim of Mary Beth Milner. Upon the trustee's sale of the debtor's interest, Mr. Milner simply had no further interest in the real estate and can make no further claim to its value in the hands of his ex-wife. After acquisition of her hus-

---

**2.** The plaintiff's counsel objected to presentation of this post-trial evidence. In light of its lack of relevance, however, the court does not need to decide whether this evidence should properly be considered.

band's interest in 217 Springtree Lane, Mary Beth Milner became owner without any restraint or duty to account to her former husband. Accordingly, she was free to dispose of the property as she wished, whether wisely or imprudently. Notwithstanding her management of the property, Mary Beth Milner may now assert a claim against the bankruptcy estate for any unsatisfied obligation, and may seek recovery from Michael Milner for any non-dischargeable liability.

Of the amounts alleged as owing in the complaint, the only outstanding non-dischargeable obligations are the claim for child support arrears for the period from May 31, 2002, to December 31, 2003, in the amount of $1,335, and the claim for reimbursement of automobile lease payments in the amount of $1,897. Accordingly, judgment will be granted to Mary Beth Milner for the total sum of $3,232, together with costs and interest from the date of the complaint.

So ordered.